Finch v. Billings.

## FINCH v. BILLINGS.

1. **Continuance:** ABSENCE OF ATTORNEY AND PAPERS. An application for continuance, based upon sickness in the family of defendant's attorney, which it was alleged would prevent his attendance, and upon the fact that said attorney was in possession of papers material to the cause, is not sufficient, which does not state with particularity the *nature* of such papers, nor where the attorney resided, nor show with sufficient precision how long defendant had been aware of his illness, to enable the court to determine whether diligence had been used to procure said papers.

2. **Venue:** CHANGE OF: DELAY. An application for a change of venue, based upon the alleged prejudice of the judge, made after the cause has been once continued, and which fails to state that the grounds for the change were not known prior to such continuance, is defective.

3. **Appeal to Supreme Court:** QUESTIONS NOT PASSED UPON BELOW. The objection that a decree was for a greater sum than claimed in the petition, is not available on appeal to the Supreme Court, unless application was made to the court below to correct the alleged error. Rev., 1860, § 3845; *Treiber* v. *Shafer*, 18 Iowa, 29; *Decatur Co.* v. *Clements*, Id., 538.

*Appeal from Chickasaw District Court.*

·FRIDAY, JUNE 7.

PRACTICE: CONTINUANCE: CHANGE OF VENUE, ETC.—
Action to foreclose mortgage, defense, usury, part payment and set-off, decree for plaintiff, and defendant appeals. Questions made and decided are stated in the opinion.

*J. G. Patterson* for the appellant.

*A. G. Case* for the appellee.

DILLON, J.—I. It is first insisted by defendant that the court erred in refusing a continuance. The basis of this

1. CONTINU-
ANCE: ab-
sence of
attorney and
papers.

application was sickness in the family of his attorney, which, it was alleged, would prevent his attendance at the term. The affidavit also stated, in general terms, that the attorney was in possession of papers material to the establishment of the defense.

The nature of these papers was not so disclosed that the court could see their materiality or the adverse party admit their existence. How long defendant had been aware of the illness was not stated with the precision necessary to enable the court to see that diligence had been used to obtain the papers. For aught appearing in the record, the attorney resided in the same place at which the court was held.

The presumption in such matters as the present is strongly in favor of the judicious exercise of its discretion by the court below. This presumption is not overcome by any fact stated in the record.

It will be noted that the defendant did not ask for a postponement of the cause to a later day in the term that he might procure the needed papers, but for a continuance to the next term.

II. It is next insisted that the court erred in refusing a change of venue. The basis of this application was the alleged prejudice of the judge. Suit was commenced August, 1865. At the October term, 1865, defendant obtained sixty days to answer in. The answer was filed in December, 1865. At the February term, 1866, the cause was "called and continued." At the October term, 1866, defendant made the application for a continuance above noticed. Upon this being overruled, he then made the application for a change of venue, which was likewise overruled.

**2. VENUE: change of: delay.**

This ruling was correct. It was made after a continuance of the cause, and wholly failed to state that the alleged ground for the change was unknown to the affiant, prior to the continuance. Rev., § 2807:

With this radical defect in the affidavit, the learned judge below would have erred had he granted the change.

III. If decree was for more than was claimed, which, taking the whole petition together (it asking that an account might be taken of the amount due), we do not admit, this matter is not now available to the defendant, since the record fails to show any exception to the proceedings on this ground, or any application to the court to rectify the alleged error. Rev., § 3545; *Treiber* v. *Shafer et al.*, 18 Iowa, 29, 35; *Decatur Co.* v. *Clements*, Id., 536, and cases there cited.

**3. APPEAL TO SUPREME COURT: question not passed upon below.**

Affirmed.