DICKEY v. HARMON.

26 | 501<br>93 | 389

**Appeal:** EXCESSIVE JUDGMENT. A judgment of the District Court, claimed to be excessive, will not be reviewed on appeal to the Supreme Court until after a motion to correct the judgment has first been made and overruled in the court below. Rev. 3545.

*Appeal from Boone District Court.*

SATURDAY, JANUARY 30.

EXCESSIVE JUDGMENT: MOTION TO CORRECT IN COURT
BELOW, ETC. — Action on a note; personal service; judgment by default on computation of amount by the clerk.
Defendant appeals.

*Finch & Rivers* for the appellant.

*Jno. A. Hull* for the appellee.

DILLON, Ch. J. — The only error assigned, is, that judgment was rendered for an amount larger than is due on the note in suit. On examination, we find that there was an error against the appellant in the computation of the amount due. Under the statute, however, this kind of an error should be corrected on motion in the District Court, and cannot be reached by appeal. Rev. § 3545; and see cases on this point, collected in 2 Iowa Dig. 61. No such motion has been made in the District Court, nor was any question ever made and presented by the defendant to that court. It is said by the appellant that he could not pursue this course, inasmuch as he did not discover the error until after the term at which judgment was rendered, and that the plaintiff having issued execution in vacation, no other remedy for the excessive judgment was open to him but an appeal.

Whether he has in such case any other remedy than by appeal we need not inquire, it being sufficient to decide that on appeal, he cannot have the judgment corrected in this court.

The judgment below will be affirmed, but without prejudice to the appellant's right to make a motion in the District Court to correct the amount of the judgment.

Appellee may, if he chooses, avoid such a motion by crediting the judgment with the proper sum. Appellant will pay the costs of this appeal.

Affirmed.