## BLACK v. BOYD ET AL.

PRACTICE IN THE SUPREME COURT: ASSIGNMENT OF ERRORS.

*Appeal from Boone Circuit Court.*

FRIDAY, OCTOBER 24.

T. A. DUCKWORTH, of whose estate the defendant Boyd is administrator, was at one time plaintiff's guardian. He was duly authorized by the proper court to sell certain real estate in which said plaintiff had an interest.

The plaintiff claims he, with Stevens and Black, defendants herein, executed a bond such as required by statute in such cases. That he sold the real estate and failed to account for the proceeds. To recover the plaintiff's share thereof this action is brought. Stevens and Black alone appeared and denied the allegations of the petition. There was a trial to the court, judgment for the plaintiff, and Stevens and Black appeal.

*Kidder & Crooks*, for appellants.

*Hull & Whitaker*, for appellee.

SEEVERS, J.—There was no finding of facts made. To the "judgment the defendants excepted," in the general terms just stated. No motion was made for a new trial. The errors assigned are:

"1. The court erred in overruling the objections of the defendants to evidence introduced by plaintiff.

"2. The court erred in rendering judgment for plaintiff.

"3. The court erred in not rendering judgment for the defendants.

"4. The amount of the judgment is excessive."

The question presented in the last assignment was not made in the court below, and, therefore, cannot be for the first time in this court. A general exception to the judment does not sufficiently indicate that any such question as that the judgment was excessive was intended to be raised thereby.

Such an error in a case of this character could, and no doubt would have been corrected by the Circuit Court if attention had been called thereto. The statute requires that a motion shall be made in said court, and overruled, before this court can correct the supposed error, or at least that the attention of the court should in some way be called to the supposed error. Code,

section 3168. *Finch v. Billings*, 22 Iowa, 223; *Dickey v. Harmon*, 26 Id., 501; *Webster v. Railroad.Company*, 27 Id., 315; *Coakley v. McCarty*, 34 Id., 105. The first assignment of error is not mentioned or insisted upon in argument. It must, therefore, be deemed waived as has been repeatedly held.

It is insisted by the appellee that the remaining errors are not sufficiently specific. The statute requires that an assignment of errors must be as "specific as the case will allow." **Code**, section 3207. Under the second and third assignments, any error occurring during the trial which would have the effect, if sustained, of reversing the judgment could be urged and relied on in the argument. Of course many such might occur. If such errors can be thus brought to the attention of the court, they could without doubt be specifically assigned. For instance the only thing to which our attention is called in argument, as being embraced in said assignments is that no breach of the bond was established by the evidence. Certainly this could have been assigned. Therefore, the assignments in question, not being sufficiently specific, must be disregarded. The objection being made by the appellee cannot be overlooked by the court.

We may say however, that we think a breach of the bond was established.

AFFIRMED.