KELLER v. JACKSON.

1. **Evidence:** ACTION ON ACCOUNT: ADMISSION OF CORRECTNESS. In an action on an account, the general statements of witnesses, that the defendant admitted the correctness of the account, must be accepted as an admission that it was correct as to all its items.

2. **Statute of Limitations:** CONTINUOUS, OPEN ACCOUNT: ASSIGNMENT OF. Under the facts of this case it was held, that the account sued on was a continuous, open, current account, and was not barred by the statute of limitations; and that an assignment of the account upon the retirement of one partner, to the partner who continued the business of the firm, did not close the account or constitute it a chose in action.

3. **Practice in the Supreme Court:** OBJECTION NOT MADE BELOW. This court will not consider an objection to the judgment, such as an alleged error in the computation of interest, which was not called to the attention of the court below, either by pleading or motion after judgment.

*Appeal from Pottawattamie District Court.*

SATURDAY, JUNE 10.

THIS is an action upon an account for house furniture sold to defendant by a partnership known as Scott & Keller. After the goods were all sold the firm assigned the account to S. S. Keller, the plaintiff, he being a member of the partnership. The last item of goods was sold on the 30th day of August, 1873, and payments were made thereon as claimed by the plaintiff, down to June 21, 1876. The action was commenced May 4, 1881. The defendant answered by a general denial; also a specific denial of the last two items of credit, and by pleading the statute of limitations. There was a trial to the court without a jury and judgment for the plaintiff. Defendant appeals.

*Ross & Mayne,* for appellant.

*Flickenger Bro's,* for appellees.

ROTHROCK, J.—I. The last item of credit is for $15 in cash, and is dated June 21, 1876. The next to the last is an item of $8 for drayage and dated February 1, 1876. The appellant contends that there was no sufficient proof of the account. Objection was made to a certain book of accounts which the plaintiff introduced in evidence. We think that these objections are not well taken. We need not enter into a discussion of these questions, however, because under the oral evidence the court could not have found otherwise than that the account, including the credits, was fully shown to be correct. The plaintiff testified that the defendant told him, the day before the trial, that "the account was all square and should be paid." And another witness, the attorney of plaintiff, testified as follows: "This matter came into my hands early this Spring. I have seen Mr. Jackson several time since I have had it; he always acknowledged the account to be correct, and that he would pay the same. He came to me yesterday and said he and Keller had arranged, by which he was to pay so much down and give secured notes for so much per month until it was all paid."

*1. EVIDENCE: action on account: admission of correctness.*

This testimony was in no manner contradicted. The defendant was not examined as a witness upon the trial. Surely no stronger proof of the correctness of the account could well have been made than the foregoing. The general statement of the witnesses that defendant admitted the correctness of the account, must be accepted as an admission that it was correct in every particular.

II. It is insisted that the claim was barred by the statute of limitations, because the account was not an open, continuous, current account between plaintiff and defendant. It is said that when Scott & Keller assigned the account to Keller, "the account closed and became a chose in action." But the evidence shows that Scott merely went out of the business, and it was continued by Keller, and that he took the accounts and settled the debts. There was no statement of account or settlement with the de-

*2. STATUTE of limitations: continuous, open account: assignment of.*

fendant. It is true that all the goods were bought while the partnership existed, but all the other side of the account but one item, that is all the payments but one, were made after Scott went out of the partnership.

. The account, it appears to us, "is a continuous, open, current account," within the rules announced in *Tucker v. Quimby*, 37 Iowa, 17; and the cause of action accrued on the date of the last item therein as provided in Sec. 2531 of the Code.

The account consisted on its debtor side of five items. The first was dated July 16, 1873, and the last August 30, in the same year. The goods consisted of bedsteads, lounges, bureaus, tables, chairs, etc., and the whole account amounted to $220.50. A payment of $25 was made Nov. 6, 1873, another of same amount was made March 13, 1874, another of same amount Dec. 27, 1875, one of $8 Feb. 1, 1876, and the last payment of $15 was made June 21, 1876. It is true that there is something over a year and nine months between the item of March 13, 1874, and Dec. 27, 1875, but taking those before and after and the whole together, and considering that all of the items have relation to the same open and continuous transaction between the parties, we are inclined to think there was no such break in the account, or cessation of dealing as to cause the statute of limitations to commence to run at any time before the date of the last item. We have held that the statute of limitations commences running from the last item in the account, whether it be on the debit or credit side thereof. *Thorn & Stien v. Moore*, 21 Iowa, 285.

III. It is insisted that the interest claimed in the petition and allowed by the court is excessive. The record does not show that the attention of the court below was in any manner called to the matter of interest. The first intimation of it is found in the assignment of errors. If defendant had any cause for complaint in this respect he should have called the attention of the District Court thereto either by pleading or by motion after judgment.

3. PRACTICE: objection not made below.

AFFIRMED.