## McGowen v. Myers.

1. **Contract**: COVENANT AGAINST INCUMBRANCES: BREACH OF: EASEMENT. Where defendant conveyed to plaintiff the property in question by deed of general warranty, but the owner of the adjoining premises had the right to use in common a stairway which was a part of the premises conveyed, *held* that such right was an incumbrance, for which defendant was liable on his covenant.

2. ——: ——: ACTION FOR BREACH OF: EVIDENCE. In such case, in an action for the breach of the warranty, it was competent to introduce in evidence the deed and contract by which the easement was created, without showing the interest which the parties thereto had in the property.

3. ——: ——: ——: DAMAGES. In such action, although the building conveyed covered more ground than was originally affected by the easement, yet, as the easement affected the whole building, plaintiff was properly allowed to prove the damage occasioned thereby to the whole building.

4. ——: ——: ——: KNOWLEDGE OF INCUMBRANCE NO DEFENSE. Where real estate is conveyed with warranty against incumbrances, knowledge on the part of the grantee that incumbrances exist, cannot be shown to defeat his action for damages occasioned by the incumbrances.

5. **Practice**: CROSS-EXAMINATION. A question put to a witness, which calls for evidence impliedly, though not directly, contradictory to his testimony in chief, is proper cross-examination.

*Appeal from Buchanan Circuit Court.*

TUESDAY, DECEMBER 12.

ACTION to recover damages for the breach of a covenant against incumbrances in a conveyance of real estate. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*C. E. Ransier* and *J. B. Powers*, for appellant.

No appearance for appellee.

ROTHROCK, J.—I. It appears from the pleadings and evidence in the case that, in the year 1867, one A. Hageman

1. CONTRACT: covenant against incumbrances: breach of: easement.

conveyed to Perry Munson the following described real estate, as shown by the deed of conveyance: "all that part of the east half of lot seven in Stoughton and McClure's addition to Independence, Iowa, lying and being west of the center of the brick wall on the west side of the building now standing on the east half of the east half of said lot seven, in block three, *reserving out of the property so sold the right of using the stairs in common, the whole width of which is to be on the land so sold, each party to have the privilege of passing and repassing on said stairs, but to be used for no other purpose whatever.*"

At the same time Hageman and Munson entered into a written contract by which it was stipulated, among other things, that Munson should put up a brick or stone building on said lot, and provide for stairs to the second story of both buildings, out of his building, to be used in common by the parties, and both to be at one-half the expense of building and keeping the stairs in repair, and also, the roof over the hall in which they are situated. The conveyance and the contract were acknowledged and recorded. Munson proceeded and erected a building upon the lot so purchased, and another fractional part of the same lot adjoining on the west.

VOL. LX—17

The building was three stories in height, and some forty-one or forty-two feet front, by about seventy feet deep. The whole of the upper story is used as an Odd Fellows hall. The second story is used for law offices and a book-bindery, and the first story is divided into two store-rooms. The stairs were erected as provided for in the deed and contract, and are used as a means of ingress and egress to the upper stories of the whole building, as well as the adjoining building, owned by Hageman.

In October, 1880, the defendant having become the owner of the Munson block, or building, sold and conveyed it by deed of general warranty to the plaintiff. This action was brought to recover for a breach of the covenant against incumbrances, upon the ground that the right reserved to use the stairway was such breach.

The court, in ruling upon the evidence and instructions given to the jury, held that the deed and contract from Hageman to Munson contained such reservations as constitute an incumbrance upon the property, and that the defendant's covenant against incumbrances is broken. Counsel for the defendant contend that the incumbrance did not run with the land, and that it was but a personal covenant between the immediate parties thereto, because the stairway was not in existence when the covenant or reservation was made.

But when the defendant conveyed to the plaintiff, whatever may have been the previous condition of things, there was a valid subsisting incumbrance, in the nature of an easement, upon the property, which easement was clearly a breach of the covenant against incumbrances. There is no claim made that Hageman cannot hold and enjoy the easement. If so, it follows that it is an incumbrance.

II. Again, it is said that the deed and contract between Munson and Hageman were improperly introduced in evidence, because there was no showing made that either of them had any interest or title to the land. This objection is not well taken. It was

2. ——: ——: action for breach of: evidence.

not necessary, under the pleadings, to make a claim of title from the records. The witnesses, in speaking of the property, called it Munson's property and Hageman's property, and this was sufficient.

III. Next, it is objected that the premises conveyed to the plaintiff are only in part the same as that upon which the incumbrance exists, and plaintiff was allowed to prove his damages to the whole building. It is a sufficient answer to this objection to say, that the building covered the entire property purchased by plaintiff of defendant, and the stairway was the means of access to the whole of the second and third floors.

*3. ——: ——: damages.*

IV. Objection is made to the manner in which the plaintiff interrogated the witness as to the damages to the property by reason of the incumbrance. Probably, in the questions put to the witnesses, all the circumstances surrounding the matter in controversy might have been more fully stated. But taking the cross-examination and re-examination of the witnesses, there appears to have been nothing which was proper, withheld from the jury.

V. It is contended that the defendant should have been allowed to show upon the trial that the plaintiff knew, when he purchased the property, that the stairway was used in common, and that he purchased with reference to that fact. It is said this knowledge is no defense to the action either partial or otherwise. See *Van Wagner v. Van Nostrand*, 19 Iowa, 422; *Barlow v. Mc-Kinley*, 24 Id., 69. In the first case cited, where the alleged breach of covenant consisted in the removal of a stable from the land by a tenant who had the right of removal, it is said that, "according to the weight of authority, it is no less a breach, if it be assumed that the plaintiff, or covenantee, *knew* at the time of the conveyance that the stable was the property of the tenant, and that the latter had the right of removal." It is not to be denied that there are cases holding the con-

*4. ——: ——: knowledge of incumbrance no defense.*

trary doctrine. Appellant cites *Olner v. Leland*, 10 Mass., 458—a case where the grantor conveyed certain parcels of land, including one parcel which he had before conveyed to his son. In an action upon a breach of covenant the jury gave nominal damages only, on the ground that the parcel so conveyed to the son had been inserted in the deed to the plaintiff by mistake; and the verdict was approved. If we understand the opinion in the case, it was thought the jury were authorized as chancellors to reform the deed and correct the mistake,

*Kurtz v. McCune*, 22 Wis., 598, cited by appellant, was a case where damages were claimed for a breach of covenant because of an easement, which consisted of the right to back water on a part of the land by a mill-dam. It was held that no right of action would lie, because the easement obviously and notoriously affected the physical condition of the land at the time of the conveyance, and, therefore, was not embraced in a general covenant against incumbrances.

This court, as we have seen, has held the contrary doctrine. In the case of *Barlow v. McKinley*, *supra*, the Rock Island railroad was completed and in full operation upon the land at the time the conveyance was made, and it was held that it was an incumbrance, and that the easement was a breach of the covenants in the deed, although the grantee had full knowledge of the existence of the incumbrance at the time he accepted the covenant. We think this is the better rule, and adhere to the decisions made by this court. Any other holding, would, in our view, be an invasion of the elementary rule, that exceptions and reservations cannot be engrafted by parol upon the deed.

VI. Perry Munson was called as a witness for the plaintiff. Upon his cross-examination he was asked this question:

5. PRACTICE: cross-examination. "You stated in your direct examination that the value of this building, with the obligation there, is $8,000, and the value without the obligation is $8,000;

now have you not said a number of times that you would never again construct a building and have a stairway in common with another person?"

The defendant objected to the question, and the objection was overruled, and the witness answered in substance that he might at one time have made such a remark. It is urged that the question was not proper cross-examination. We think it was, because it was calling for evidence which was, impliedly at least, contradictory of his testimony in chief. Again, it is said that it was not a proper way of impeaching the witness—that the question fails to state time when, or place where, the statements were made. It is true that, ordinarily, where it is sought to impeach a witness by proof of contradictory statements, his attention must be called thereto, and time and place, and the person to whom the statement was made, must be stated. This is due to the witness, that his memory may be refreshed. But in view of the answer made to the question in this case, and that the subject was not further pursued, we are not prepared to say that the court erred.

AFFIRMED.