THE SAC COUNTY BANK v. HOOPER.

1. **Vendor and Vendee : BREACH OF WARRANTY : WHEN RECOVERY MAY BE HAD.** It is the rule in this state that, to authorize recovery upon a breach of warranty in a deed, actual ouster of the warrantee need not occur, but that there will be constructive eviction when the superior title is asserted in hostility to the title under which the warrantee holds the land. (See opinion for citations.)

2. **Tax Sale and Deed : FOR DELINQUENT TAXES NOT CARRIED FORWARD : INVALID.** The sale of land for delinquent taxes not carried forward on the tax books, as required by section 845 of the Code, is invalid. (See opinion for citations.)

3. ———: ———: VALIDATION BY TIME : FORMER ADJUDICATION. Where a party has a tax title based upon a sale of land for delinquent taxes not carried forward, and therefore invalid (Code, sec. 845), and he conveys by warranty deed, and his grantee buys in the patent title and sues him for a breach of warranty and recovers, that is an adjudication that the patent title is superior to the tax title, and the grantor cannot, after a few years, be heard to claim that his tax title has now, by the lapse of time, ripened into a perfect title, and ask to have it quieted against his grantee. The adjudication cut off all claims based on or growing out of the title decreed to be invalid.

*Appeal from Sac District Court.*—HON. J. P. CONNER, Judge.

FILED, MAY 15, 1889.

ACTION in chancery to quiet in plaintiff the title to land. A demurrer to the answer of defendant was overruled, and, plaintiff standing on its demurrer, a decree was entered for defendant. Plaintiff appeals.

*Breen & Duffie* and *Jas. H. Tait*, for appellant.

*Mason & Thompson*, for appellee.

BECK, J.—I. The plaintiff alleges in its petition the following matters : That the plaintiff conveyed certain land by warranty deed to defendant's grantor ; that one Early, holding a tax title on the land, had

conveyed it to plaintiff; that the county treasurer had failed to carry forward to the tax list of the year for which the land was sold for taxes the prior delinquent taxes; that by reason of this omission and defect the tax title was voidable, and could have been set aside upon repayment of the taxes paid by Early; that Hunter, who held the patent title, commenced an action against plaintiff, the grantee of Early, and defendant and her grantor, to quiet the title of the lands in him; that subsequently defendant purchased the outstanding title held by Hunter, and he dismissed his action; that afterwards the defendant brought an action on the warranties of plaintiff's deed to her grantor, and received the consideration paid for the land, with interest; and that, the judgment in that action having been affirmed in the supreme court, the plaintiff paid the judgment in full. Upon these facts plaintiff claims that it is entitled to a reconveyance of the land from defendant, and prays that it may be adjudged the owner thereof, and defendant may be barred and estopped from claiming title to the land. Defendant, answering, alleges that it has been adjudicated in an action in the district court of Sac county, wherein defendant was plaintiff, and the plaintiff in this case was defendant, that defendant's title to the land is paramount and superior to the title of plaintiff. Copies of the pleadings in that action are made exhibits to the answer. Plaintiff demurred to the answer, the demurrer was overruled, and thereupon a decree was entered for defendant.

II. This action was brought upon the warranties of the deed made by plaintiff to defendant's grantor, defendant having bought the title held by Hunter, and claiming that to be the valid outstanding title.

III. Counsel of the respective parties agree that the rule in this state is that, to authorize recovery upon 

1. VENDOR and vendee: breach of warranty: when recovery may be had. the breaches of the contract of warranty in a deed, actual ouster of the warrantee need not occur, but that there will be constructive eviction when the superior title is

asserted in hostility to the title under which the warrantee holds the land. *Brandt v. Foster*, 5 Iowa, 287; *Funk v. Cresswell*, 5 Iowa, 62; *Royer v. Foster*, 62 Iowa, 321.

IV. Delinquent taxes for previous years, it is provided by statute, shall be carried forward in succeeding tax books, and any sale for delinquent taxes not so carried forward is invalid. Code, sec. 845; *Barke v. Early*, 72 Iowa, 273; *Hooper v. Bank*, 72 Iowa, 280; *Dows v. Dale*, 74 Iowa, 109; *Gardner v. Early*, 69 Iowa, 43. It is shown by the exhibits set out in defendant's answer that the delinquent taxes for which the land was sold had not been carried forward to the subsequent year, and on that ground the tax sale was held invalid.

2. TAX sale and deed: for delinquent taxes not carried forward: invalid.

V. Counsel for plaintiff maintains that the tax deed was not absolutely void, but voidable only, and was capable of becoming valid through the statute of limitation applicable to actions involving tax titles. Their position appears to be this: The tax deed is not void, but voidable only. Unless an action is brought to defeat the tax deed within five years, its informality is cured, and it becomes valid. In the case before us, it is insisted, no such action was prosecuted, and, as possession was held under the tax deed, when the five years had run it became valid, and plaintiff now holds a valid tax deed for the land. In our opinion, we need not consider the questions presented by counsel. The case must be determined upon other questions.

VI. The answer shows an adjudication in the action brought to recover upon the warranties in the deed, to the effect that defendant's title acquired from Hunter, the holder of the patent title, was superior to plaintiff's tax-title. Plaintiff and defendants were parties to this adjudication. Plaintiff is forever estopped to deny the fact adjudicated. That fact was the superiority of the title defendant acquired from the holder under the patent title.

3. —: —: validation by time: former adjudication.

 
VII. But counsel assert that plaintiff's tax title grew into validity by reason of lapse of time and the statute of limitations since that adjudication. But plaintiff bases its title upon the same deed—the same facts—which it set up in the former action to establish the superiority of its title. In the former adjudication it was declared that it did not hold title. Now, the running of time under the statute of limitations does not give plaintiff title, for the effect of the statute is to bar objections to the title,—to defeat defenses against it; not to cure defects in it by changing the law and the facts. When the former adjudication of the case was had, the rights of the parties were settled and fixed. It was adjudicated that defendant held the title to the land which she acquired from Hunter. Surely it cannot be that, after a year of two, plaintiff's title grows into perfection from some germ of validity existing within it when the adjudication was made. Adjudications do not thus settle rights of parties, securing them to-day, and defeating them to-morrow, on the ground that lapse of time has validated those claims which by the adjudication were declared invalid. In our opinion, the decree of the district court ought to be

AFFIRMED.