## YANCEY v. TATLOCK, *et al.*, Appellants.

**Statute of Limitations.** An action grounded upon the fact that a deed covenanted title, that there was a mortgage, that defendant knew this and concealed it, and that plaintiff was compelled to pay the mortgage, may be brought within ten years after payment of the incumbrance, and is not founded on deceit.

**Action on Covenant.** The grantee in a deed covenanting against incumbrances may recover though he knew of the incumbrances before he took the deed.

**Practice on Appeal.** That the judgment exceeds the amount prayed in the petition, can not be first raised on appeal.

*Appeal from Louisa District Court.*—HON. D. RYAN, Judge.

TUESDAY, JANUARY 22, 1895.

Action for damages for a breach of a covenant against incumbrance. Judgment for plaintiff. Defendants appeal.—*Affirmed.*

*D. N. Sprague* and *L. A. Reiley* for appellants.

*Gray & Tucker* and *C. A. Carpenter* for appellee.

Kinne, J.—I.   Plaintiff avers:   That on November 3, 1883, he purchased certain land of defendants and paid for the same.   That they executed and delivered to him their warranty deed therefor, which contained the following provision: "And we warrant the title hereto against all persons whomsoever."   That at the time he purchased the land it was mortgaged, which fact was known to defendants, but not known to plaintiff, and was concealed from plaintiff.   That he has been compelled to pay said mortgage in the sum of five hundred and sixty dollars, and has been damaged in the sum of four hundred dollars for which he prays judgment.   Defendants admit the sale of the land, the execution and delivery of the deed, and the existence of the incumbrance and deny all fraud, deny that the fact of the incumbrance was concealed from plaintiff, and aver that he had full knowledge of the same.   They also say that the cause of action matured more than five years prior to the commencement of this suit, and that the action is barred.   Other facts are pleaded, which are not material to the decision of the questions presented.   The court rendered judgment for the plaintiff for five hundred and ninety-two dollars and thirty-six cents and costs, from which this appeal is taken.

II.   Appellants claim that this is an action for fraud and deceit, and that it is barred.   We do not think so.   It is a plain action for damages for the breach of warranty against incumbrance.   While it is true that the deed was executed and delivered in 1883, and there was at that time a technical breach of the

covenant by reason of the existence of the incumbrance, still only nominal damages could be recovered until plaintiff had paid the incumbrance. *Funk v. Cresswell*, 5 Iowa, 62; *Brandt v. Foster*, Id. 287; *Royer v. Foster*, 62 Iowa, 321, 17 N. W. Rep. 516; *Bank v. Hooper*, 77 Iowa, 437, 42 N. W. Rep. 363. It is, then, a case coming within the fifth subdivision of section 2529 of the Code, and may be brought within ten years after the cause of action accrued. It was brought within ten years from the time the deed was executed and delivered, and hence was not barred.

III. The allegation in the petition touching plaintiff's want of knowledge of the existence of the. incumbrance at the time he purchased, and its concealment from him, was wholly immaterial, and hence need not be proven. *Billingham v. Bryan*, 10 Iowa, 317; *Specht v. Spangenberg*, 70 Iowa, 488, 30 N. W. Rep. 875. It was not material that plaintiff had notice of the incumbrance when he purchased. A grantee in a deed containing covenants against incumbrance may recover for a breach thereof, even though he had knowledge of the incumbrance prior to the time he took his deed. *Flynn v. Mining Co.*, 72 Iowa, 738, 32 N. W. Rep. 471; *McGowen v. Myers*, 60 Iowa, 256, 14 N. W. Rep. 788.

IV. It is said that the judgment is excessive, in that it is for much more than the amount prayed for in the petition. The fact was not called to the attention of the trial court by motion or otherwise, and is raised for the first time in this court. Our statute expressly provides that a judgment shall not be reversed for an error which can be corrected on motion in the trial court, until such motion has been made and overruled. Code, section 3168. We have always held that in such a case, where no mention was made in the lower court, we could not reduce the

amount of the judgment, or reverse the case for such an error. *Finch v. Billings,* 22 Iowa, 228; *Dickey v. Harmon,* 26 Iowa, 501; *Black v. Boyd,* 52 Iowa, 719, 2 N. W. Rep. 1044; *Keller v. Jackson,* 58 Iowa, 629, 12 N. W. Rep. 618. The appellants are therefore not in a situation to have this question determined in this court. The case must be affirmed, but it will be without prejudice to appellant's right, if any he has, to move in the lower court for a proper reduction in the amount of the judgment.— *Affirmed.*