(June 24, 1911.)

.HERMAN SCHURGER, Appellant, v. D. B. MOORMAN, Respondent.

[117 Pac. 122.]

SALE OF REAL PROPERTY—COVENANT OF WARRANTY AGAINST ENCUMBRANCES—EASEMENT FOR IRRIGATION CANAL—TENDER OF DEED—FORFEITURE.

(Syllabus by the court.)

1. Under the act of Congress of March 3, 1891· (6 Fed. Stat. Anno., p. 508), Congress has specifically granted an easement and right of way over the public domain for ditches and canals to companies formed for the purposes of irrigation, and under sec. 1630 of the Rev. Codes of this state, the legislature has provided that maps of Carey Act lands segregated for purposes of reclamation under the act of Congress shall show the locations of all

ditches and canals, and that all lands filed upon under the Carey Act shall be subject to easements and rights of way for irrigation canals necessary for the carrying of water to reclaim such lands. *Held*, that one who deals with lands taken and reclaimed under such acts is chargeable with notice of the provisions of the law in reference thereto.

2. An easement and right of way across a tract of land for the purposes of maintaining and operating an irrigation canal for the reclamation of arid land is not a breach of a covenant in a deed or contract of sale against encumbrances.

3. The court in construing the terms of a contract and the law applicable thereto will take into consideration the conditions and circumstances under which the parties were contracting, and construe their contract in the light thereof.

4. Where M. has contracted and agreed to sell S. a tract of land and covenanted that he would furnish a good and sufficient deed free of all encumbrances, and at the time of the tendering of the deed and of the making of the final payment of the purchase price a *bona fide* controversy arose between the parties as to whether or not an easement or right of way for an irrigation canal constituted a breach of the covenant against encumbrances, and the deed was not accepted and the final payment was not made and the question has never been determined by the courts of this state, and each of the parties is supported by authority from the courts of other states, and the parties find their way into court over the question, and the courts of this state finally determine that such easement was not a breach of the covenant contained in the contract: *Held*, that the vendor will not be allowed to declare a forfeiture of the contract until the question is determined by the court, but will, on the contrary, be required to execute and deliver a deed in compliance with the terms of his contract upon payment of the purchase price, together with interest thereon.

APPEAL from the District Court of the Fourth Judicial District, in and for the County of Twin Falls. Hon. Edward A. Walters, Judge.

Action for specific performance of contract. Judgment for the defendant and plaintiff appealed. *Reversed.*

C. O. Longley, and H. C. Hazel, for Appellant.

As a general rule, the covenant against encumbrance is broken by any outstanding easement which diminishes the

value of the land conveyed, nor will the knowledge by the grantee of the existence of the easement make any difference. (*Ensign v. Colt,* 75 Conn. 111, 52 Atl. 829, 946; *Weiss v. Binnian,* 178 Ill. 241, 52 N. E. 969 (affirming 78 Ill. App. 292); *Teague v. Whaley,* 20 Ind. App. 26, 50 N. E. 41; *Smith v. Davis,* 44 Kan. 362, 24 Pac. 428; *Spurr v. Andrew,* 6 Allen, 420; *Denman v. Mentz,* 63 N. J. Eq. 613, 52 Atl. 1117; *Huyck v. Andrews,* 113 N. Y. 81, 10 Am. St. 432, 20 N. E. 581, 3 L. R. A. 789; *Stambaugh v. Smith,* 23 Ohio St. 584, 15 Morr. Min. Rep. 82.)

The easement in the case at bar differs from the case of a road; it is not public; is of no benefit to this land.

Private easements are always held as breaches of covenant. (*Mitchell v. Warner,* 5 Conn. 497; *Harlow v. Thomas,* 15 Pick. (Mass.) 66; *Schmisseur v. Penn,* 47 Ill. App. 278.)

The evidence in the case at bar shows the easement and encumbrance to belong to the Twin Falls Canal Co., thus putting the case outside the rule of easements owned by the public, for the benefit of the public.

Knowledge of grantee as to existence of encumbrance does not defeat right to strict performance of contract. (*Brown v. Taylor,* 115 Tenn. 1, 112 Am. St. 811, 88 S. W. 933, 4 L. R. A., N. S., 309; *McCall v. Wilkes,* 121 Ga. 722, 49 S. E. 722; *Teague v. Whaley, supra; Myers v. Munson,* 65 Ia. 423, 21 N. W. 759; *Medler v. Hiatt,* 8 Ind. 171.)

The appellant had the right to a tender of a deed conforming to the contract before he could be required to make final payment or held to be in default. (*Robinson v. Harbour,* 42 Miss. 795, 97 Am. Dec. 505, 2 Am. Rep. 671; *Columbia Bank v. Hagner,* 1 Pet. (U. S.) 455, 7 L. ed. 219; *Powell v. Dayton etc. R. Co.,* 12 Or. 488, 8 Pac. 544.)

Appellant under the admitted facts was entitled to the conveyance by decree of court of what appellee had to convey, with damages properly admeasured for failure to convey all that was sold. (*McConnell v. Dunlap,* 3 Ky. 41, 3 Am. Dec. 723; *Smith v. Davis,* 44 Kan. 362, 24 Pac. 428.)

All conditions must be fully complied with in order to effect a forfeiture. (24 Ency. Law, 682; *Sanford v. Weeks,*

38 Kan. 319, 5 Am. St. 748, 16 Pac. 465; *Smith v. Mariner,* 5 Wis. 551, 68 Am. Dec. 87.)

John E. Davies, for Respondent.

Where the encumbrance is one that affects the physical condition of the land, is open and notorious, the parties are presumed to have contracted with reference to it, and the existence of such an encumbrance is not a breach of the covenant against encumbrances. (*Memmert v. McKean,* 112 Pa. 315, 4 Atl. 542; *Kutz v. McCune,* 22 Wis. 628; *Safford v. Annis,* 7 Me. 168; *Holmes v. Danforth,* 83 Me. 139, 21 Atl. 845; *Desvergers v. Willis,* 56 Ga. 515, 21 Am. Rep. 289; *Harrison v. Des Moines R. Co.,* 91 Ia. 114, 58 N. W. 1081; *Denman v. Mentz,* 63 N. J. Eq. 613, 52 Atl. 1117; 1 Brewster on Conveyancing, pp. 706, 707; 11 Cyc. 1066, and cases therein cited; *Mann v. Montgomery,* 6 Cal. App. 646, 92 Pac. 875; *Allen v. Lee,* 1 Ind. 58, 48 Am. Dec. 352; *Lallande v. Wentz,* 18 La. Ann. 289.)

Where the right of eminent domain has been exercised by the state in condemning a right of way over the lands of a person, and such a person afterward sells the lands, and in his deed of conveyance covenants against encumbrances, without any exceptions, there has been no breach of the covenants, and the grantee cannot sue for damages for breach. (*Weeks v. Grace,* 194 Mass. 296, 80 N. E. 220, 9 L. R. A., N. S., 1092, 10 Ann. Cas. 1077; *Cole v. Lee,* 30 Me. 392; *United States v. Jones,* 109 U. S. 513, 3 Sup. Ct. 346, 27 L. ed. 1015.)

When time is expressly made the essence of the contract and there has been a failure to comply with the terms and conditions thereof, the court will declare a forfeiture of the contract. (*Castleberry v. Hay,* 8 Ida. 670, 70 Pac. 1055.)

AILSHIE, Presiding J.—This action was instituted for the specific performance of a contract for the sale of real estate. Judgment was entered for the defendant and the plaintiff appealed.

About the 3d day of September, 1907, the respondent, D. B. Moorman, entered into a contract in writing with Harry Ball

and Frank T. Mitchell, wherein and whereby he contracted
and agreed to sell and convey to the second parties or their
assigns by good and sufficient deed a certain tract of land
upon the payment of certain stipulated instalments. It was
also stipulated and agreed in the contract that Moorman
should convey to the second parties, their grantees or as-
signs, by "a good and sufficient warranty deed with fee simple
title to certain premises, free from any and all encumbrances
excepting the taxes levied during the year in which this con-
tract is executed or thereafter." The grantees therein named
assigned and transferred their interest in the contract to the
appellant herein. Appellant made his payments in accord-
ance with the terms of the agreement up to the time for the
last payment. About the time of the maturity of the last
instalment, the appellant tendered the balance due and de-
manded a warranty deed to the premises free of all encum-
brances. The respondent offered to convey the premises free
of all encumbrances as he construed his contract, but in-
sisted that an irrigation canal which runs across the premises
and for which the company has an easement and right of way
does not constitute an encumbrance within the terms of the
warranty. This tract of land lies within what is known as the
Twin Falls irrigated tract, which was segregated and has been
reclaimed under what is commonly known as the Carey Act
[U. S. Comp. Stats. 1901, p. 1554]. It is admitted that the
tract of land in question has running through it an irrigation
lateral which diverts and carries water for the irrigation of
lands lying along and adjacent to the canal. The appellant
contends that the easement and right of way for a canal across
the lands constitutes an encumbrance and would amount to a
breach of the covenant against encumbrances on the land.
The respondent, on the other hand, insists that an easement
and right of way for an irrigation canal, being an obvious and
notorious servitude upon the land, and being of permanent
character and essential for the reclamation of an arid country,
does not fall within the category of encumbrances against
which a covenant of warranty runs.

Since this action involves lands in an arid section of the state, and in view of the further fact that the greater portion of this state lies in the arid belt and requires irrigation for its successful cultivation, we should first turn to the statutes to ascertain the status of irrigation canals and easements and rights of way for the same within the eye of the law. In the first place, the provisions of sec. 18 of the act of Congress, March 3, 1891 (26 Stat. at Large, 1101, 6 Fed. Stat. Anno., p. 508), specifically granted a right of way over the public domain to any canal or ditch company formed for the purpose of irrigation and duly organized under the laws of any state or territory and which complied with the terms thereof. That act provided the width of the right of way for ditches, canals, and laterals and the nature and extent of the easement therefor, and this right is reserved by all patents issued by the general government to settlers and purchasers of the public domain. In addition to that, sec. 1630 of the Revised Codes of this state, which is a part of the act of the state legislature accepting the provisions of the Carey Act (act of Congress, June 30, 1894), provides that the maps and plats of Carey Act lands filed with the state land board shall show the location of all the canals, ditches and laterals and that all lands filed upon shall be subject to rights of way for such canals. It must, therefore, be considered that every person who deals with or contracts in reference to any lands in this state reclaimed under the Carey Act of Congress and the acts of the legislature accepting the provisions thereof, does so with notice that easements and rights of way are granted through and over such lands both by the general government and by the acts of the legislature for the purposes of maintaining irrigation canals and conveying water through the same for the purpose of irrigating the lands lying under such canals. It is also a matter of common knowledge of which the courts of the state will take notice that it is absolutely essential to the reclamation and successful cultivation of the lands in the arid section of this state that water be applied to them and that in order to do this, canals, ditches, flumes and laterals must be constructed and maintained through and over the lands

sought to be reclaimed. In this state such ditches and canals are as essential and necessary as are roads and highways. Without water the settler could not reside on the land. It would be of no use to him whatever. If he cannot reside on or cultivate the land or make a livelihood on the land, he has but little use for roads and highways. In this state a purchaser of land is fully as chargeable with notice of the existence of an irrigation canal on a tract of land he is about to purchase, as he is chargeable with notice of the existence of a highway.

In view of the condition of the statutes as above noted, the physical and natural conditions as they exist in this state as above set forth, we turn to the decisions of the courts to see what they have said in reference to similar and like questions of law.

In *Kutz v. McCune,* 22 Wis. 628, 99 Am. Dec. 85, the supreme court of Wisconsin was called upon to consider the question as to whether or not an easement to maintain a mill pond and overflow the land of another constituted a breach of a covenant against encumbrances. The supreme court of Wisconsin in passing upon that question said:

"It may have been an encumbrance. But there is a principle recognized by adjudged cases, and resting upon sound reason and policy, which holds that purchasers of property obviously and notoriously subjected at the time to some right of easement or servitude affecting its physical condition, take it subject to such right without any express exceptions in the conveyance, and that the vendors are not liable on their covenants by reason of its existence. This principle has been applied in the case of a highway opened and in use upon the land at the time of the conveyance: Rawle on Covenants, 141 et seq.; *Scribner v. Holmes,* 16 Ind. 142.

"This principle seems fully applicable to the present case. There is no material difference, so far as this question is concerned, between a public highway and a right of flowing the land by a mill-pond in actual existence upon it. In the case of the highway, the doctrine does not rest upon the fact that the right is in favor of the public, but that the easement

is obvious and notorious in its character, and that therefore
the purchaser must be presumed to have seen it, and to have
fixed his price for the land with reference to its actual condi-
tion at the time. And certainly a mill-pond upon land is
quite as notorious an object as a highway, and the reason
for the presumption just suggested is quite as strong."

In *Memmert v. McKeen,* 112 Pa. 315, 4 Atl. 542, the su-
preme court of Pennsylvania had under consideration the
question as to whether an open, notorious easement of which
the purchaser had full notice at the time of the purchase and
the execution of the deed would constitute a breach of cove-
nant against encumbrances. In course of the consideration of
that question, the court, speaking through Justice Paxson,
said:

"Encumbrances are of two kinds, viz.: (1) Such as affect
the title; and (2) those which affect only the physical con-
dition of the property. A mortgage or other lien is a fair
illustration of the former; a public road, or a right of way,
of the latter. Where encumbrances of the former class exist,
the covenant referred to, under all the authorities, is broken
the instant it is made, and it is of no importance that the
grantee had notice of them when he took the title. *Cathcart
v. Bowman,* [5 Pa. 317] ; *Funk v. Voneida,* 11 Serg. & R. 109,
[14 Am. Dec. 617]. Such encumbrances are usually of a tem-
porary character, and capable of removal; the very object of
the covenant is to protect the vendee against them; hence
knowledge, actual or constructive, of their existence, is no
answer to an action for breach of such covenant. Where,
however, there is a servitude imposed upon the land which
is visible to the eye, and which affects, not the title, but the
physical condition of the property, a different rule prevails.
Thus it was held in *Patterson v. Arthurs,* 9 Watts [Pa.], 152,
that, where the owner had covenanted to convey certain lots
free from all encumbrances, a public road, which occupied
a portion of such lots, was not an encumbrance within the
meaning of the covenant. This is not because of any rights
acquired by the public, but by reason of the fact that the
road, although admittedly an encumbrance, and possibly an

injury to the property, was there when the purchaser bought, and he is presumed to have had knowledge of it. In such and similar cases there is the further presumption that, if the encumbrance is really an injury, such injury was in the contemplation of the parties, and that the price was regulated accordingly.''

In *Desvergers v. Willis,* 56 Ga. 515, 21 Am. Rep. 289, the supreme court of Georgia had under consideration the question as to whether or not a covenant contained in a deed against encumbrances was broken by the existence of a public road over the land which was known to the purchaser at the time of the purchase. In passing upon that question, Chief Justice Warner, speaking for the court, said:

''The decisions of the courts of this country are not uniform upon this question, but the weight of authority, we think, is that the existence of a public road on the land, known to the purchaser, is not such an encumbrance as would constitute a breach of the covenant of warranty. This view of the question is sustained by the better reason, especially as applicable to the condition of the people of this state. To hold that a public road running through a tract of land, which was known to the purchaser at the time of his purchase thereof, is such an encumbrance on the land as would constitute a breach of a covenant of warranty against encumbrances, would produce a crop of litigation in this state that would be almost interminable.''

In *Holmes v. Danforth,* 83 Me. 139, 21 Atl. 845, the supreme court was considering the question as to whether or not a covenant against encumbrances was broken by the existence of a public road, and held that the purchaser took the deed with notice of the existence of the road, and that ''he must accept the land *cum onere* and cannot complain of that encumbrance as a breach of the covenant in his deed.''

The court there cite *Memmert v. McKeen, supra,* and approved the doctrine there announced, with the exception that the court said it did not feel justified in holding that oral evidence of a grantee's knowledge would be admissible to control the covenants in a deed.

In *Whitbeck v. Cook*, 15 Johns. 483, 8 Am. Dec. 272, which was an early case in the state of New York, the court was considering the question as to whether or not an easement for a public road across a tract of land would constitute a breach of a covenant of warranty against encumbrances. The court said:

"It must strike the mind with surprise, that a person who purchases a farm through which a public road runs at the time of purchase, and had so run long before, who must be presumed to have known of the existence of the road, and who chooses to have it included in his purchase, shall turn round on his grantor and complain that the general covenants in the deed have been broken by the existence of what he saw when he purchased, and what must have enhanced the value of the farm. It is hazarding little to say that such an attempt is unjust and inequitable, and contrary to the universal understanding of both vendors and purchasers. If it could succeed, a flood-gate of litigation would be opened, and for many years to come this kind of action would abound. These are serious considerations, and this court ought, if it can consistently with law, to check the attempt in the bud.

"We have, after the most mature consideration in the case of *Jackson v. Hathaway*, [15 Johns. (N. Y.) 447, 8 Am. Dec. 263], decided that the existence of a road through a person's land was a mere easement, that his fee and title to it, subject to the easement, existed in full vigor, and that, on the disuse of the road, he had a right to maintain an ejectment to recover possession. This decision then establishes that the owner of the soil is the lawful owner; that he is seised and has power to convey. This being so, the covenants contained in the deed under consideration are not broken."

Many other cases to the same effect might be cited, but most of them can be found in the note to 11 Cyc. 1066.

Counsel for appellant contend, however, that the rule that has been generally announced to the effect that an easement for a public road across a tract of land does not constitute a breach of the covenant of warranty against encumbrances is not applicable to any other class of easements, rights of way,

or servitudes, and that the decisions which have held otherwise have been criticised and ought not to be followed by this court. Our attention has been particularly called to the case of *Huyck v. Andrews,* 113 N. Y. 81, 10 Am. St. 432, 20 N. E. 581, 3 L. R. A. 789, wherein the court, speaking through Justice Earl, criticised the cases of *Kutz v. McCune* and *Memmert v. McKeen, supra,* and said:

"We do not yield assent to these authorities. They have no sanction in any of the cases decided in this state, and have no adequate foundation in principle or reason. They open to litigation, upon parol evidence, in every action for the breach of the covenant against encumbrances caused by the existence of an easement, the question whether the grantee knew of its existence; and in every such case the protection of written covenants can be absolutely taken away by disputed oral evidence. We think the safer rule is to hold that the covenants in a deed protect the grantee against every adverse right, interest or dominion over the land, and that he may rely upon them for his security. If open, visible, notorious easements are to be excepted from the operation of covenants, it should be the duty of the grantor to except them, and the burden should not be cast upon the grantee to show that he was not aware of them. . . . . The distinction which is attempted to be made between encumbrances which affect the title and those which affect merely the physical condition of the land conveyed is quite illusory and unsatisfactory.

"Easements not only affect the physical condition of the land, but they affect and impair the title. The owners of them have an interest in and dominion over the servient tenement which frequently may largely impair its usefulness and value. The rule contended for would operate very unjustly, and would be quite difficult to administer in many cases."

It seems to us, however, that the New York court went out of its way to criticise these cases, for the reason that the question there under consideration was not parallel with the questions presented in the Kutz and Memmert cases. The New York court was there dealing with the question as to whether the existence of an easement which entitled a third

party to extend a dam and raise the height thereof so as to overflow a larger body of land than that which was being used or submerged at the time of the sale and transfer would constitute a breach of the covenant of warranty.

A great number of cases have been cited by appellant in support of his contention that the existence of the canal and easement and right of way therefor in this case was a breach of the covenant of warranty. The following authorities seem to sustain his position: *Yancey v. Tatlock*, 93 Ia. 386, 61 N. W. 997; *Barlow v. Delaney*, 40 Fed. 97; *Demars v. Koehler*, 62 N. J. L. 203, 72 Am. St. 642, 41 Atl. 720; *McGowen v. Myers*, 60 Ia. 256, 14 N. W. 788.

In view of the fact that irrigation ditches and canals are a prime necessity in this state, and that many of them are constructed over public land while the title to the same is still in the government or state, and for which purpose the act of Congress and likewise the act of the legislature grant an easement and right of way, we are fully satisfied that such an easement and servitude should not be held to constitute a breach of covenant against encumbrances. It certainly cannot be said that the contracting parties when inserting in their contract a covenant against encumbrances had in mind an easement for an irrigation canal any more than they contemplated including therein a highway. It is reasonable to suppose that they did not contemplate either, and the history of the conditions and circumstances of the country support us in this assumption.

The trial court held with the appellant on the proposition that the easement and right of way for the ditch and canal did not constitute a breach of the covenant of warranty against encumbrances. The court further held that since there was no breach of covenant and the defendant had tendered a deed and the plaintiff had refused to accept the deed with the easement and right of way for a canal existing across the land, and made his tender of the balance of the purchase price subject to the removal of the alleged encumbrance, the plaintiff had therefore forfeited all payments previously made and all right under his contract to purchase the land. We cannot

agree with this conclusion. The controversy which arose between the parties as to whether or not there had been a breach of the covenant was a *bona fide* difference. It was one for which each party had authority at law as the same had been announced by the courts of other states. At the same time it was an open question in this state. Under such circumstances, it would be inequitable to allow the respondent to have a forfeiture of the contract and require the plaintiff to lose the benefit of his labor and investments in improving this land and the benefits of his contract, simply because he could not foresee the final holding of the courts of the state on a legal question over which the courts of other states are at variance. We should certainly hold otherwise in a case where a party had hatched up a purely technical and imaginary objection to the title offered him, and where it did not appear that the controversy was in good faith or supported by either reason or authority.

We conclude that the judgment in this case must be reversed, and it is so ordered. The cause is hereby remanded with direction to the trial court to enter a decree requiring the defendant to execute and deliver a deed to the plaintiff within thirty days thereafter for the tract of land described, in compliance with the terms of his contract as herein construed, upon the payment by the plaintiff to the defendant, or to the clerk of the court for him, the balance due on the contract, together with interest up to the date of the payment of the same. The costs of this appeal will be equally divided between the parties.

Sullivan, J., concurs.