IOWA NATIONAL BANK, Appellee, v. J. E. DAVIS, Appellant, et al., Appellee.

**BILLS AND NOTES:** Failure of Defense of Fraud. The transferee
1   of a negotiable promissory note is under no obligation to show that he is a holder in due course *in fact*, when the maker whol-ly fails to establish his defense of fraud.

**APPEAL AND ERROR:** Erroneous Taxation of Interest. An er-
2   roneous computation of interest may not be raised for the first time on appeal, even in an equity case.

**COSTS:** Protest Fees When Protest Waived. Protest fees may not
3   be taxed, when the note contains a provision waiving protest.

**APPEAL AND ERROR:** Remand to Correct Error. While the court
4   will not permit a question to be first raised on appeal when such question might have been corrected by motion, yet it may affirm and remand without prejudice to the right to move for correction. So held as to an erroneous taxation of interest.

*Appeal from Dallas District Court.*—LORIN N. HAYS, Judge.

NOVEMBER 22, 1919.

REHEARING DENIED FEBRUARY 16, 1920.

THIS action was brought at law on a promissory note, executed by appellant, J. E. Davis, and endorsed by Dilen-beck. Equitable answers were filed, and the cause was tried as in equity. There was a judgment in favor of plaintiff and against defendants for the amount claimed. The de-fendant J. E. Davis appeals.—*Affirmed.*

*D. C. Waggoner, L. T. Shangle,* and *S. Trevarthen,* for appellant.

*C. L. Nourse, White & Clarke,* and *Dugan & Dugan,* for appellees.

PRESTON, J.—The note sued was given by defendant Davis to Dilenbeck on December 3, 1915, with interest at 6 per cent from January 1, 1916, semiannually, defaulting interest at 8 per cent, semiannually. The note

1. BILLS AND NOTES: failure of defense of fraud.

was due July 1, 1916. Plaintiff alleges that, before maturity, and for a valuable consideration, and in due course of business, Dilenbeck sold the note to plaintiff, and, by endorsement thereon, guaranteed the payment thereof. The defendants answered separately, Davis denying that plaintiff is a bona-fide holder of the note, and by cross-petition alleging that the note was obtained from him by Dilenbeck by duress and fraud, and that the same was without consideration. He prayed for a dismissal of the petition, and, as against his codefendant, prayed that, if judgment was rendered against him in favor of plaintiff, he should have a set-off judgment against Dilenbeck. Dilenbeck, answering, admits the transfer of the note to plaintiff, and admits that plaintiff is a good-faith purchaser, and, for answer to the cross-petition of Davis, denies allegations of duress, fraud, and want of consideration, and avers that all of said matters were fully adjudicated in an action between Dilenbeck and Davis in the superior court of Perry, Iowa. Dilenbeck set up some other defenses, but they were determined against him, and he has not appealed. The trial court found for plaintiff as against both defendants, and that the validity of the note had been adjudicated, as alleged.

1. Appellant argues that the burden of proof is on the bank to show that it did not have notice of the fraud, and that plaintiff introduced no evidence to show that it was

a good-faith holder of the note. And they say that, where there is fraud in the inception of the note, the court may not direct a verdict in favor of such purchaser, even though plaintiff's denial of notice is uncontradicted. They cite *Robertson v. U. S. Live Stock Co.,* 164 Iowa 230, 234; *Mc-Night v. Parsons,* 136 Iowa 390. This may be the rule where defendant alleges and introduces evidence tending to invalidate the note. There is no question here of directing a verdict. But, if the defendant has no defense to the note, the question of notice is not material. No competent or proper evidence was introduced by Davis to sustain his defense. Over plaintiff's objection, defendant read his evidence as a witness, from a transcript of the evidence in the case of *Dilenbeck v. Davis,* in the superior court of Perry, Iowa, in which this plaintiff was not a party. Plaintiff's objection to the testimony was that the transcript was not proper testimony, not taken in the form of a deposition, not in a manner provided by law, and because the plaintiff was not a party to that suit, and had no opportunity to cross-examine. The evidence was taken, subject to the objection. Appellant has not pointed out to us any authority for so using the transcript, and we think that, under the circumstances of this case, it was not binding on the plaintiff.

2. The evidence sustains the finding of the trial court, that the matter of the validity of the note was adjudicated in the superior court, wherein the court found against Davis, and that the note was valid.

3. Appellant contends that the trial court erroneously entered in the judgment $3.56 for protest fee, for that the note itself and the endorsement waive presentment for payment, notice of nonpayment, and protest, and notice of protest. He also contends that the amount of the judgment is too large, because the interest was erroneously figured. Plaintiff, appellee, attempts to meet this by say-

2. APPEAL AND ERROR: erroneous taxation of interest.

ing that there was no exception to the final judgment and decree, and that no motion was made in the district court to correct the error, if any, in the amount of the judgment, protest, or attorney's fees, and that said questions were not otherwise raised in the district court. As to the first proposition, in regard to the exception, they cite Code Section 3751. See, also, Code Section 3749. This is an equitable action, and triable *de novo* in this court, and the rule is that no exception is required in such a case. *Dicken v. Morgan*, 59 Iowa 157. But we said in *Gould v. Morrow*, 153 Iowa 461, 467, that, if anything more is involved than the question of which party is entitled to recover upon the facts and issues joined, exceptions must be taken. The point now under consideration does not pertain to the right of recovery by either party, but to the amount of the judgment only.

We think the point is well taken as to the protest fee, and it may be as to the amount of interest which appellant claims is erroneously computed; but the question is whether appellant can raise that question here for 3. COSTS: protest the first time, and without having made a fees when protest waived. motion to correct the amount. Plaintiff cites only Code Sections 4104 and 4105. No cases are cited by appellant on this point. We held, in *Scott v. Chicago, R. I. & P. R. Co.*, 160 Iowa 306, that an appeal may be taken, and questions properly excepted to on the trial may be reviewed without a motion for new trial. But that is not quite the question here, and it is not argued by plaintiff, appellee, that appellant was required to make a motion for new trial. Code Section 4139, which provides, in part, that the Supreme Court may reverse, modify, or affirm the judgment, decree, or order appealed from, or render such as the inferior court should have done, seems to have been in force when the earlier cases, which we shall cite in a moment, were decided, although that section was

not referred to in them. There is no doubt that, in a proper case, a judgment or decree may be modified by this court. But the question before us now is whether a mere mistake or error in computing interest may be raised on appeal, without a motion to correct, in the district court. Upon an examination of the authorities, we find that, under Section 4105, it has been held in several cases that an objection that the judgment is excessive will not be considered, unless a motion has been made in the district court to have the error corrected. *Black v. Boyd,* 52 Iowa 719; *Dickey v. Harmon,* 26 Iowa 501; *Finch v. Billings,* 22 Iowa 228; *Keller v. Jackson,* 58 Iowa 629. In the case of *Keller v. Jackson,* supra, the error was in the computation of interest, which was not called to the attention of the court below. All the foregoing cases were actions at law, except the case of *Finch v. Billings,* supra, which was an action to foreclose a mortgage; and in that case, the claim was that the decree was for more than was claimed. Our first impression was that, this being an equitable action, we could ourselves compute the amount of the interest, and, if too large, reduce it. But under the cases, we see no reason why the same rule should not apply in equitable actions as in law actions. The reason for the statute was discussed in *Pigman v. Denney,* 12 Iowa 396, and quoted with approval by Mr. Justice Deemer in *Belknap v. Belknap,* 154 Iowa 213, at 220. We shall not again quote at length; but the substance of the reason for the statute is that the language of the statute is plain, and that, for a mistake of some ministerial officer, or the court itself, a motion to correct the amount in the lower court may be made, without involving the cost and expense incidental to a trial here. And it was said that many of the cases appealed to this court present only such questions.

We reach the conclusion that appellant may not raise the question here, not having made the motion in the dis-

trict court. In *Dickey v. Harmon*, supra, the judgment was affirmed, but without prejudice to the appellant's right to make a motion in the district court to correct the amount of the judgment. Such will be the ruling in this case. —*Affirmed.*

**4. APPEAL AND ERROR: remand to correct error.**

LADD, C. J., EVANS and SALINGER, JJ., concur.