Tucker v. Quimby.

TUCKER v. QUIMBY.

1. **Statute of limitations : BOOKS OF ACCOUNT.** To constitute a continuous open current account upon which the statute of limitations will begin to run only from the date of the last item (Rev., § 2743), the account must not be interrupted or broken, but constitute a running, connected series of transactions.

2. —— An account which was broken by a hiatus of nearly two years, and was then resumed by charges of a different nature and outside of the ordinary business of the creditor, does not constitute such an account, and the statute will be held as commencing to run from the date of the last item before the interruption.

VOL. XXXVII. — 3

*Appeal from Floyd Circuit Court.*

THURSDAY, JUNE 19.

THIS action was originally brought before a justice of the peace and removed to the circuit court on writ of error, where the judgment of the justice was reversed and the cause remanded for a re-trial. The defendant appeals. The further facts necessary to a proper understanding of the case are stated in the opinion.

*O. P. Harwood* for the appellant.

*Boulton & Duncan* for the appellee.

MILLER, J.—The plaintiff brought his action before the justice, claiming of the defendant $20.05, on a book account, a copy of which is as follows:

1867.

| | | | | |
|---|---|---|---|---|
| 1. | Jan. | 8, To wagon tongue .................... | $2 | 50 |
| 2. | Jan. | 16, To one pair whiffletrees ............. | 3 | 50 |
| 3. | Jan. | 16, To clasp on tongue and mending tire .. | | 75 |
| 4. | Jan. | 18, To mending sled and trace and bolts ... | 1 | 10 |
| 5. | Jan. | 18, To one reach for sled ................ | 1 | 25 |
| 6. | Feb. | 16, To setting eight shoes, 25c ........... | 2 | 00 |
| 7. | Feb. | 18, To setting eight shoes and toecalks, two shoes .......................... | 2 | 10 |
| 8. | Feb. | 28, To setting one shoe .................. | | 25 |
| 9. | Apr. | 12, To one new shoe .................... | | 25 |
| 10. | May | 3, To two cogs and bolts to seeder ....... | | 85 |
| 11. | May | 8, To plates on reach ................... | | 40 |
| 12. | June | 28, To mending chain ................... | | 10 |
| 13. | July | 3, To setting one shoe ................. | | 25 |
| 14. | Aug. | 3, To 120 pounds of coal ............... | 2 | 00 |
| | 1869. | | | |
| 15. | July | 25, To use of buggy one day ............. | | 50 |

The defendant appeared and answered as to the last item, admitting its correctness and tendered the amount thereof with interest, and all the costs accrued up to the time of tender. At the same time the defendant filed a demurrer to the plaintiff's claim on the other part of the account, for the reason that the same was barred by the statute of limitations. Plaintiff thereupon moved to strike the demurrer from the files, which was overruled by the justice and the demurrer sustained. These rulings were made the grounds for the writ of error from the circuit court, upon the return of which, after a hearing thereon, the court reversed the ruling of the justice and remanded the cause for a re-trial.

The first error alleged in the circuit court was the ruling of the justice on his motion to strike defendant's demurrer from the files. Was this error? An answer to this question involves the further question whether the account as sued constitutes but a single cause of action, or in other words, whether all the items of the account constitute, in the language of section 2743 of the Revision, "a continuous, open, current account."

An account to be "continuous," must be without break or interruption. By the term "open," we mean something that is not closed, and the term "current," as used in the statute, signifies "running," "passing," a "connected series." See Webster's Unabridged Dictionary. Hence, a "*continuous, open, current account*," is an account which is not interrupted or broken, not closed by settlement or otherwise, and is a running, connected series of transactions. Now, it is clear that the charges contained in the account in this case commencing January 8, 1867, and running till August 3d of the same year, answers all these requirements. The items are for repairing wagon, sled, seeder, and for horeshoeing, and other blacksmith work, made in the usual and ordinary business of a blacksmith. This account here ends on the 3d of August, 1867, and there is no charge or entry in the account until the 25th day of July, 1869 (almost two years thereafter), when a charge for use of buggy one day, is made. This charge does not seem to

be for any thing usual in a blacksmith account, and occurring so long after the other items, it cannot be said to belong to and be included within the continuous, open, current account, which seems to have been broken off for nearly two years. The matter charged in July, 1869, seems to be foreign to the usual business of the plaintiff, as indicated by the other charges. This fact and the length of time intervening from the last of the previous charges, leads us to the conclusion that it cannot be fairly held to belong to and be the last item of a continuous, open, current account; but that the charge entered on the 3d of August, 1867, is the last item of such account, which is barred by the statute of limitations.

Reversed.