## GAVIN V. BISCHOFF.

1. **Statute of Limitations**: CURRENT ACCOUNT: CONTRACT. In an action on an account for labor, commencing in 1865 and ending in 1888, it appeared that there was a break in the account for at least two years, and that the labor done in 1879, and afterwards, was done under a contract made in that year. *Held* that the account was not continuous, and that all items prior to 1879 were barred by the statute of limitations, but that the subsequent items were not barred, having been done under a special contract which was not performed within five years of the bringing of the suit.

2. **Appeal**: PRESUMPTION IN FAVOR OF TRIAL COURT. Where the abstract does not set forth all the evidence on which the finding of the trial court is based, this court will presume that the evidence was such as to warrant the finding.

3. **Agency:** EVIDENCE. In an action against defendant for labor, the court rightly excluded plaintiff's testimony, that she performed the labor pursuant to a contract with defendant's wife,—there being nothing to show that the wife had authority to bind defendant by such contract.

4. **Husband and Wife:** JOINT LIABILITY : EVIDENCE AGAINST SURVIVOR. A surviving husband cannot be made liable, under a contract made with his deceased wife, for family expenses, upon the testimony of the contractor as to personal transactions with the wife ; for such testimony is not admissible against the husband, under section 3639 of the Code.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FILED, MAY 9, 1890.

ACTION upon an account. There was a verdict and judgment for plaintiff for a part of her claim, from which she appeals.

*Ranck & Wade,* for appellant.

*Joe A. Edwards* and *A. E. Swisher,* for appellee.

BECK, J.—I. The action is brought on an account for labor, for cash, and for the rent of a sewing-machine, commencing in 1865 and ending in 1888. For the first sixteen years the account contains one item of charge each year for labor.

1. STATUTE of limitations: current account : contract.

For the last fourteen years one item of thirty-six dollars each year is charged for the rent of a sewing-machine. There is one cash item of charge for 1879, fifty dollars, and for 1882 two,—one of $52.50, and the other for seven dollars. In 1883, and subsequently, there are three cash items of charges of three dollars, two dollars and five dollars, respectively. The defendant answered, denying the allegations of the petition and pleading the bar of the statute of limitations as a defense. The plaintiff gave testimony tending to support her cause of action, and introduced the evidence of another witness touching the rental value of sewing

machines. The abstract shows that plaintiff, after the introduction of this evidence, rested her case, and that "the defendant then introduced testimony," and, having rested her case, the plaintiff offered to testify in rebuttal to facts and conversations with defendant's wife, tending to show that plaintiff was employed to perform services charged in her account, by the wife of defendant, a sister of plaintiff, since deceased. The evidence was rejected. After the close of the evidence the defendant moved the court to exclude from the consideration of the jury all items of plaintiff's account, on various grounds. One ground, applicable to each item, was that the action therein is barred by the statute of limitations. The court held upon this motion that plaintiff could not recover for labor except for items charged after 1879. Such items, as we understand the ruling, the court held were recoverable, on the ground that they were charged under a contract of employment, made in that year. It was also held that two cash items—one of fifty dollars charged in 1879, and the other of fifty-two dollars, charged in 1882—could not be recovered, and that plaintiff cannot recover for the rent of the sewing-machine accruing more than five years before the commencement of the action.

II. The rulings of the district court, as to the items for labor charged before 1879, are not shown by the abstract to be erroneous. The evidence shows that the charges for labor in 1879, and subsequently, were under a contract made in or before that year. The prior charges for labor are barred by the statute, as the labor was done more than five years before the commencement of this action. The account for labor cannot be regarded as continuous, for there was a break therein of at least two years' duration. The items for labor charged before 1879 are, therefore, barred by the statute. Plaintiff recovered for the items accruing after that date, for the reason that the labor charged for was done under a special contract, which was not performed five years before the commencement of this suit.

III. Plaintiff's own evidence tends to show that she loaned the money specified in one of the cash items rejected by the court, and advanced the money specified in the other. The circum-stances under which the money was paid to defendant by plaintiff do not fully appear in plaintiff's evidence. What evidence was given as to these items by defendant does not appear. We will, in support of the court's rulings, presume that the undisputed evi-dence in the case required the court to hold that, as a matter of law, the plaintiff could not in this action recover for these items.

*2. APPEAL: pre-sumption in favor of trial court.*

IV. The rent for the sewing-machine is charged in one item each year for fourteen years. Plaintiff tes-tifies that she bought the machine, took it to defendant's house, where it was used by and for the family. This is all the evidence as to the charges for the sewing-machine found in the abstract. As we have stated, it is not shown what evidence was introduced by defendant as to these items. We will, in support of the court's ruling, presume that the undis-puted evidence required the court to hold that the account was not continuous, so that the statute of limi-tations would begin to run only at the last item. See Code, sec. 2531.

*THE SAME.*

V. The court excluded evidence tending to show that plaintiff performed the labor pursuant to a contract or an arrangement with the wife of defend-ant before her decease. The evidence was rightly excluded, for the reason that it is not shown that defendant's wife was authorized to make a contract binding him.

*3. AGENCY: evi-dence.*

VI. If it is claimed that, as the contract was made for necessary family expenses, for which both husband and wife were jointly and separately liable, under Code, section 2214, the action may be maintained against the husband. The ready reply is that the defendant in this case is the survivor of his joint debtor, the wife, and the

*4. HUSBAND and wife: joint liabil-ity: evidence against sur-vivor.*

plaintiff, upon whose evidence the claim is wholly based, cannot testify in the action to charge him as such. Code, sec. 3639. The application of the section in this case accomplishes the very purpose of its enactment; namely, it prevents living witnesses from establishing contracts, by their own evidence, as to personal transactions and communications with parties whose lips are sealed by death, in actions to which such witness and the representatives, privies and survivors of the deceased are parties. These views dispose of all questions necessary to be determined in the case.

AFFIRMED.