CEDAR COUNTY v. WM. SAGER, Insane, Appellant; SAME v. ROBERT LANE, Insane, Appellant; SAME v. JOHN GRAY, Insane, Appellant.

Liability of Insane Person to County for Support: SUIT HOW BROUGHT: PLEADING.   Suit to recover from the estate of an insane person sums paid by the county for his support is properly brought in the name of the county; and the auditor need not allege in the petition that the board of supervisors has authorized him to sue.   (1)

No NOTICE THAT BOARD HAS DIRECTED COLLECTION NEED BE GIVEN.   No notice of the board's action in directing the auditor to collect the amount due need be given to the insane person or his guardian.   (4)

EVIDENCE OF SUM ADVANCED BY COUNTY, WHAT IS.   The certificate of the hospital superintendent and notices from the auditor of state are presumptive evidence of the correctness of the sums stated therein, under Code, section 1433, and are competent evidence against the estate of the insane person of the amount paid by the county though they were but recently certified and certified for use in the action against the estate.   (3)

CUMULATIVE TESTIMONY, WHEN NONPREJUDICIAL.   Where there is competent evidence of the sum due, it is not prejudicial to allow testimony, not strictly competent, which simply aids the court in computing. Any mistake in amount can be corrected on application to it.   (3)

Continuous Account, What is. The charges of a state asylum, made at the end of each quarter, form a continuous, open, current account within Code, section 2531, and a break of two years in such charges, caused by the patient's leaving the asylum without authority, during which period, while he spent part of the time at home and part in the county asylum, he remained, at all times, a charge on the county, does not destroy the continuity of the account. (2)

*Appeals from Cedar District Court.*—HON. J. H. PRESTON, Judge.

SATURDAY, JANUARY 27, 1894.

ACTIONS to recover sums of money paid by the plaintiff for the support of the defendants in the hospital for the insane at Mt. Pleasant. The actions were tried and submitted together to the court, without the aid of a jury, and a judgment was rendered in favor of the plaintiff, and against the defendant, in each case, for the amount demanded, and costs. The defendants appeal.—*Affirmed.*

*W. G. W. Geiger* for appellants Sager and Lane.

*E. M. Brink* for appellant Gray.

*Sam. S. Wright* for appellee.

ROBINSON, J.—The petition in the *Sager case* alleges that the defendant is and has been a charge upon the plaintiff since the year 1879, and that the plaintiff has paid for his support at the hospital for the insane at Mt. Pleasant the sum of one thousand, three hundred and fifty-three dollars and sixty-eight cents, as shown by a bill of particulars attached; that there are funds belonging to the estate of the defendant, in charge of his guardian, sufficient to pay the amount plaintiff has expended, for which judgment is demanded. The petitions in the other cases are similar, excepting as to

the time during which the defendants were supported, and the amounts paid by the plaintiff.

I. Section 1433 of the Code, as amended, provides that the law made "for the support of the insane at public charge, shall not be construed to release the estates of such persons from liability for their support; and the auditors of the several counties, subject to the direction of the board of supervisors, are authorized and empowered to collect from the property of such patients, any sums paid by the county in their behalf, as herein provided; and the certificates from the superintendent, and the notice from the auditor of state, stating the sums charged in such cases, shall be presumptive evidence of the sums so stated. If the board of supervisors, in the case of any insane patient, who has been supported at the expense of the county, shall deem it a hardship to charge the estate of any such patient with such cost of supporting the patient, they may relieve such estate or estates from any part or all of such burdens, as may seem to them reasonable and just." The petitions were attacked on the ground that they do not show that the board of supervisors had authorized the auditor to commence the actions. If it be conceded that such authority was required, it was not necessary to set it out in the petitions. The evidence shows that the board of supervisors had directed the auditor to collect the claims of the defendants, and actions for that purpose were properly brought in the name of the county.

II. The first item in the bill of particulars in the *Sager case* is for board, and is dated March 31, 1879. It is followed by other charges, chiefly for board, which were made at the ends of the quarters of a year. The charges in the other cases were made in substantially the same way. The appellants contend that a complete cause of action accrued when each charge was

made; that the charges together can not be regarded as a continuous, open, current account, within the meaning of section 2531 of the Code, and, therefore, that all items charged more than five years before the commencement of the actions are barred by the statute of limitations. It was held in *Kilbourn v. Anderson*, 77 Iowa, 502, 42 N. W. Rep. 431, that charges for services rendered during a long term of years, although at rates of compensation which varied at different times, constituted a continuous account. The same rule has been applied to charges for board, office rent, and care of horse, which accrued from day to day, or monthly, or by the year. *Moser v. Crooks*, 32 Iowa, 172; and in *Wendeling v. Besser*, 31 Iowa, 248, it was said that a claim for the continuous and uninterrupted boarding, lodging, and in other respects providing for, a person, during a period of eleven years, constituted a continuous, open account. We are of the opinion that the charges in these cases constitute accounts, within the meaning of the statute, and that they are continuous, although the charges were made at stated intervals. It is claimed that the account against Sager can not be regarded as continuous from the date of the first item, for the reason that it does not show any charge between the thirtieth day of June, 1882, and the thirtieth day of September, 1884. Sager was not an inmate of the hospital from about the middle of April, 1882, until the seventh day of August, 1884. During a part of that time he was at home, performing some labor on a farm, and, when not there, was confined in the county asylum. He left the Mt. Pleasant hospital without authority, was never discharged, and appears to have been a county charge at all times. In the case of *Gavin v. Bischoff*, 80 Iowa, 606, 45 N. W. Rep. 306, it was held that a break in an account of at least two years' duration prevented its being continuous; but, of the account, the items before the break consisted of

annual charges for labor, and those after the break were annual for the rent of a sewing machine. There was a complete change in the character of the account after the break, and the facts shown are so different from those involved in this case that the two cases can not be regarded as governed by the same rule. In *Tucker v. Quimby*, 37 Iowa, 18, it was held that an account in which there was a break of nearly two years was not continuous; but it appears that the items charged before the break were made in the usual and ordinary ·business of a blacksmith, while the single item after the break was for the use of a buggy. In the case of *Keller v. Jackson*, 58 Iowa, 630, 12 N. W. Rep. 618, it was held that a break of more than one year and nine months between the items of one side of an account, in view of the fact that all the items had relation to the same continuous and open transaction between the parties, was not such a cessation of dealing as would cause the statute of limitations to commence to run. The case of *Griffin v. Clay Co.*, 63 Iowa, 413, 19 N. W. Rep. 327, decided that claims for compensation due as county treasurer for different terms of service were not in the nature of an account, and is not in conflict with what we have said. We conclude that the account in each case is continuous, and that none of the items are barred by the statute of limitations.

III. In order to prove the amount of payments it had made, the county introduced in evidence certificates of the superintendent of the hospital at Mt. Pleasant, and notices of the auditor of state. The defendants objected to them on the ground that they were not duly certified until a short time before the trial, and for the purposes of the trial, and that they were only competent evidence as between the county and state. We do not think the objections were well founded. The certificates and notices are, by section

1433 of the Code, made presumptive evidence of the correctness of the sums so stated. For the purposes of this case, the fact that the certificates and notices had been but recently prepared is immaterial. We discover no prejudicial error in the admission of the evidence.

IV. The appellants complain that they were not permitted to show that no notice of the action of the board of supervisors in ordering the collection of the amounts in controversy from their estates was served on them or their guardians. Notice of that kind was not required. The law makes the estate of an insane person liable for his support, and it remains so liable until the board of supervisors relieves it by action taken for that purpose. In directing the collection of the charges in suit, the board only directed the doing of what the law enjoined. If the defendants, or anyone interested in their estates, desired the estates to be relieved from such charges, it was their privilege to ask that it be done; but they can not complain that notice of an intention to exercise a right vested and directed by statute was not given.

V. Appellants complain that the court permitted the deputy county auditor to testify what amount had been paid by the plaintiff on account of each defendant. It is shown that the answers the witness gave were not intended as a substitute for competent evidence of the payments made, but merely as an aid to the court in computing the amounts. If the answers were not strictly competent, we are unable to discover in what respect they could have been prejudicial. The competent evidence was before the court, and if, as claimed by appellants, the judgment against Sager was for a small amount more than was actually due, it was evidently so rendered by mistake, and would have been corrected by the district court on proper application, but no application of that kind was made. Whether there was such a mistake is a question not so

presented by the record that we should determine it. The judgments of the district court, so far as they are brought in question, are sustained by the law and the evidence, and are AFFIRMED.