AUGUST GORING, Appellant, v. H. J. FITZGERALD.

**Fraud:** SCIENTER: *Evidence.* Evidence that a lawyer stated to a judgment creditor that he owned the judgment, when he had no title thereto, in reliance upon which the debtor gave him a note for the amount thereof, is sufficient proof, in the first instance, of his guilty knowledge of the falsity of the statement.

INJURY BY. A judgment debtor who is induced to give a note for the amount of the judgment to one who falsely represents himself to be the owner of the judgment, which note he subsequently pays, may recover from the one making the representation the amount so paid, although he had not yet been compelled by the rightful owner of the judgment to pay the same.

RELIANCE: *Evidence.* That a judgment debtor looks at the judgment record and sees that no assignment of the judgment to one who falsely represents to be the owner has been filed, is not conclusive that he was not justified in relying upon such representations in giving the note for the amount of the judgment.

**Action for Damages:** RESCISION: *Offer to return.* An offer to return securities given as a part of a transaction is not a necessary prerequisite to an *action for damages* for falsely representing himself to a judgment debtor to be the owner of the judgment.

**Pleading:** STATUTE OF LIMITATIONS: *Answer or demurrer.* The defense that a claim in suit is barred by limitation can be taken only by answer and not by demurrer, where the petition does not show on its face that the claim is barred.

**Striking Pleading:** HARMLESS ERROR. Possible error in striking out portions of a petition is not prejudicial, where there is sufficient remaining to raise the issue relied on.

**Appeal:** REVIEW OF DIRECTED VERDICT: *Evidence.* Only the evidence received need be considered on appeal, in passing upon the action of the court in taking the case from the jury.

*Appeal from Floyd District Court.*—HON. J. F. CLYDE, Judge.

TUESDAY, MAY 17, 1898.

THE petition of plaintiff sets out a cause of action as follows: In April, 1889, there stood against plaintiff

on the records of the court in Floyd county, a judgment
in favor of the Hawkeye Insurance Company for about
the amount of sixty dollars, and also a judgment in
favor of the Floyd County Savings Bank for an amount
approximating two hundred dollars. That at this time
the defendant claimed he was the attorney for the
Hawkeye Insurance Company, and that he had pur-
chased, and owned, the bank judgment, and by these
means induced plaintiff to execute and deliver to
him a promissory note for the sum of two hundred and
fifty dollars, drawing interest at the rate of ten per
cent. per annum. That this note was afterwards
renewed, and was finally paid by plaintiff. It is also
charged that the representations made by defendant
were false; that he was not the attorney for the Hawk-
eye Insurance Company, and had no right to receive
payment of said judgment; and that he did not own
the bank judgment. It is alleged that plaintiff has been
obliged to pay the judgment in favor of the insurance
company to the proper parties, and that defendant not
owning the bank judgment, did not have any right to
receive the money therefor; that said judgment still
stands as a claim against plaintiff. It is further alleged
that on February 20, 1893, the defendant, by threats of
forcing payment of the note so given induced the plain-
tiff to give him a mortgage, to secure said debt, covering
certain real estate in Chickasaw county, in this state,
and in the spring of 1894, by threatening foreclosure
proceedings, he wrongfully induced plaintiff to deed
him the mortgaged premises at much less than their
real value. The petition is divided into three counts,
but the facts stated, in reality, constitute but a single
cause of action. Defendant's first answer seems to have
been a general denial. This was amended later, and
the following defenses interposed: Defendant admits
procuring from plaintiff the promissory note as stated,

but avers that he represented to plaintiff at the time
that he was negotiating for the purchase of the Hawk-
eye Insurance Company's judgment, and that he stated
to plaintiff that, if he failed to obtain it, he would credit
the amount on the note; and defendant says that he did
fail to get title to said judgment, and that he gave
defendant credit for the amount by indorsement on said
note.   He admits that the amount of the bank judg-
ment, which he says was more than two hundred and
fifty dollars, was included in said note.   He denies
the charge that he had no right to collect said judg-
ment, and that the same is unpaid; admits taking a
mortgage on the real estate as alleged by plaintiff, and
thereafter taking a deed from plaintiff of the land.
Later, defendant pleaded, in an amendment to his
answer, the statute of limitations.   Plaintiff, by way of
amendment to his petition, charged that all of the state-
ments and representations so made by defendant, set
forth in the original petition, were false and fraudulent,
and were so known to be by defendant, at the time
he made the same; that the falsity of said representa-
tions was fraudulently concealed from plaintiff until
about December, 1894, when he first learned the facts.
On defendant's motion to make this last pleading
more specific, plaintiff filed an amendment in which he
attempted to state when the fraudulent representations
were made, and in what they and the fraudulent con-
cealments consisted.   The matters relating to the
alleged fraudulent concealments were stricken out by
the court on motion of defendant.   Upon the pleadings
in this condition, the cause was tried to a jury.   At the
conclusion of the evidence for plaintiff, defendant
moved for a verdict in his favor.   This motion was sus-
tained.   The jury returned a verdict accordingly, and
from a judgment thereon against plaintiff for costs he
appeals.—*Reversed.*

*Robert Eggert* for appellant.

*P. W. Burr* and *H. J. Fitzgerald* for appellee.

WATERMAN, J.—Appellee objects to a consideration of the case here because he says, first, that the evidence is not properly identified. We see no merit in this objection. Next he claims that the judge's certificate does not state that all the evidence offered is in the record. This might be admitted without its affording any basis for the claim that the appeal shall not be heard on its merits. We are asked to pass on the court's action in taking the case from the jury. In doing this, we are called upon to consider only the evidence that was received, and this is properly before us.

I. Plaintiff moved to strike from the files defendant's amendment to his answer, in which the statute of limitations is set up. This motion was overruled, and this action of the court is made the basis of the first assignment of error. Plaintiff claims that this objection should have been taken by demurrer. But plaintiff insists that his petition, as amended, not only does not show upon its face that his claim is barred by limitation, but on the contrary, discloses that such is not the case. According to his own contention, this defense could be made only by answer.

II. The next assignment of error relates to the court's action in striking out of the amendment to the petition the facts which it is alleged amounted to a concealment of the fraud practiced upon plaintiff. This error, if, indeed, it was an error, was without prejudice. While the specific facts charged were stricken out, there was left in the petition, as amended, the general allegation that the facts

were fraudulently concealed from plaintiff, and the truth not discovered by him until in the year 1894.

III.    The next assignment of error presents the gist of the controversy. Was there anything in plaintiff's case for a jury to pass upon? The fraud, if any, consisted in the statements and representations made in 1889 to induce plaintiff to execute the first note. Plaintiff introduced evidence tending to prove the representations charged, and also their falsity. It was shown that defendant did not own, and had no authority to collect, the judgment of the Hawkeye Insurance Company; and there was some evidence to the effect that he did not own the bank judgment. It was established beyond dispute that plaintiff has had to pay the first of these judgments to another party since the giving of the note to defendant. Defendant's first claim is that plaintiff has been in nowise injured; that the amount of the judgment which he has paid has been credited on the note, and that it does not appear that he has ever been called upon to pay the other judgment. This reasoning does not strike us as satisfactory. If defendant falsely represented himself to be the owner of the bank judgment, and thus secured its payment to him in money or property, we think he may well be called upon by plaintiff to refund, without waiting until the latter is compelled to pay the rightful owner. If the judgment creditor saw fit not to enforce his claim, it would not afford any ground for defendant keeping what he had wrongfully obtained.

IV.    Next it is said in justification of the trial court's action that plaintiff's claim was barred by limitation. But we think, under the pleadings, this was peculiarly a question for the jury. The fact that plaintiff looked at the judgment record, and saw that no assignment of either judgment to defendant had ever been filed, while a circumstance to be considered, was by no means conclusive. Defendant might

well have been the owner of these judgments without there being any recorded assignment.

V.    Next it is said in behalf of defendant that there is no evidence that he knew the representations made to be false.  The statement of this proposition refutes it.

*Scienter* may be established by circumstances. If a man (a lawyer, especially) says that he owns a judgment to which he has no title whatever, no other proof of his guilty knowledge need be given in the first instance.  As having some bearing on this branch of the case, we cite *Melick v. Bank,* 52 Iowa, 94.

VI.    Again, it is urged that plaintiff should have returned, or offered to return, certain securities which he received from defendant in the course of their trans· actions, and that, not having done so, this action cannot be maintained.  This action is not to rescind the contract, but to recover damages. The rule sought to be invoked does not apply here.  The principles governing an action of this character are the same as in case of a breach of warranty.  *Joy v. Bitzer,* 77 Iowa, 73.

VII.    Finally, it is said that the action of the lower court was authorized because plaintiff established no sufficient basis for damages.  It is enough to say on this point that if defendant, without any right, obtained from plaintiff money or property in payment of the bank judgment, this of itself would afford a claim for substantial damages.  Our conclusion is that the case should have gone to the jury.  The judgment below is therefore REVERSED.