BUENA VISTA COUNTY, Appellee, v. WOODBURY COUNTY, Appellant.

Counties: LIABILITY FOR SUPPORT OF PAUPERS: LIMITATION OF ACTIONS.
1  The statute provides that when commissioners of insanity find that a person committed to the hospital has or probably has a legal settlement in another county, they shall notify the auditor of such county of the finding and commitment, and such auditor shall then ascertain if possible whether such person has a legal settlement in his county and shall notify the superintendent of the hospital and the commissioners of his finding. If the auditor finds adversely to the commissioners and they are unwilling to accept his decision they must then apply to the court for a determination of the matter, and upon a failure to make such application within six months from receipt of notice from the auditor of the county in which it is claimed the patient has a legal settlement, the county thus in default shall be liable for the support of such patient. *Held,* that the six months' limitation does not commence to run until the auditor of the county in which it is claimed the patient has a legal settlement complies with the statute requiring an adverse finding as to the patient's settlement, and the giving of notice of said finding.

Same: CONTINUOUS ACCOUNT. The quarterly payments made by a
2  county for the support of an insane person, from the date of his commitment until his death, constitute a continuous, open, current

account, within the meaning of the statutes of limitations; and may be recovered from the county in which such patient has a legal settlement.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

THURSDAY, FEBRUARY 12, 1914.

THIS is an action at law by Buena Vista County, Iowa, against Woodbury County, Iowa, to recover from defendant the sum of $1,199.55, costs and expenses of commitment and maintenance of one Nellie Carsten, an insane patient in one of the hospitals for the insane of this state, from the time of her commitment, May 10, 1902, until her death, April 6, 1910. A jury was waived and trial was had to the court. The court found for plaintiff. Defendant appeals.—*Affirmed.*

*C. N. Jepson* and *C. R. Jones* for appellant.

*Guy E. Mack* and *Bailey & Edson* and *Sargent, Strong & Struble,* for appellee.

PRESTON, J.—I. The principal point in the case is as to whether the claim is barred by the special statute of limitations under the provisions of section 2270 of the Code.    The trial court did not make special findings, but found generally for plaintiff.  Under the evidence the court could have found, and by finding for plaintiff must have found, that plaintiff and its officers complied with said section by notifying the auditor of defendant county of the finding by the commissioners of insanity in Buena Vista county that Mrs. Carsten had a legal settlement in Woodbury county, and that defendant did not notify plaintiff of the result of its own investigation or inquiry, if it made any.  Defendant did make some further inquries of the auditor of plaintiff county as

1. COUNTIES: liability for support of paupers: limitation of actions.

to Mrs. Carsten's residence and as to some items in the bill.
There was some correspondence between the auditors of the
two counties, a part of which had been lost.  The letters of
defendant county are not inconsistent with its liability to
plaintiff, but from their tone it is probably the fact that they
were fencing for time, and trying to put plaintiff off.  The
board of supervisors of defendant county disallowed plain-
tiff's claim in 1906.  After that plaintiff amended its claim,
bringing it down to the time of the death of Mrs. Carsten.  But
defendant and its auditor did not at any time comply with
section 2270 of the Code, by notifying the superintendent of
the hospital and the commissioners of plaintiff county of the
result of his inquiry, as to her residence or settlement.

Section 2270 of the Code, as it existed at the time of
Mrs. Carsten's commitment in 1902, reads:

If the commissioners find that the person committed to
the hospital has or probably has a legal settlement in some
other county, they shall, after the time allowed for an appeal,
or, in case an appeal is taken, after the same is finally disposed
of, immediately notify the auditor of such county of such find-
ing and commitment, and the auditor so notified shall there-
upon inquire and ascertain if possible whether the person in
question has a legal settlement in that county, and shall imme-
diately notify the superintendent of the hospital and the com-
missioners of the county from which such person was commit-
ted of the result of such inquiry.  If the legal settlement of a
person committed cannot for a time be ascertained, and is
afterwards found, the notices required shall then be given.
The residence of any person found insane who is an inmate
of any state institution shall be that existing at the time of
admission therein.

We are of the opinion that a proper interpretation of
this statute requires us to hold that until the auditor of de-
fendant county did comply with the section of the statute
referred to, in the particulars just mentioned, the statute of
limitations did not begin to run.  Under the statute as it now
reads, if the auditor of Woodbury county, upon investigation,

had found adversely to the decision of the commissioners of Buena Vista county, and had so notified plaintiff, and the commissioners of plaintiff county were unwilling to accept his findings, then plaintiff would become liable for Mrs. Carsten's maintenance, unless within six months plaintiff by its auditor applied to the district court for a determination of the matter.

To section 2270 of the Code as above quoted has been added the following:

If in either of the above cases the auditor of the county in which it is alleged that the patient has a legal settlement shall find adversely to the decision of the commissioners of the county from which the patient was committed, and said commissioners are unwilling to accept his findings, they shall, through the auditor of their county, forthwith apply to the district court through proper legal proceedings for a determination of the case. Any county whose officials shall fail either in cases now in dispute or disputes which may hereafter arise to apply to the district court as herein provided, within six months from the date of the receipt of notice from the auditor of the county in which it is claimed the patient has a legal settlement shall be liable for the maintenance of said patient. If, upon hearing, the court shall find that the patient has no legal settlement in either of the counties in dispute, the board of control shall at once be notified by the auditor of the county from which the patient was committed, in accordance with the provisions of section one (1) chapter ninety-two (92) acts of the thirty-third General Assembly and the proceedings thereafter with reference to said patient shall be as provided in said section.

But defendant and its officers did not comply with this section of the statute as amended. As amended it refers to disputes between counties, and it is argued by defendant that there was a dispute between plaintiff and defendant. True, the defendant disallowed the claim at one time, in 1906, but the ground upon which it was disallowed does not appear; whether it was a mere refusal to pay, or whether it was because defendant claimed Mrs. Carsten was not a resident

of its county, is not shown. But the fact that there was a dispute is not of itself enough; there must have been an adverse finding by the auditor of the defendant as to the legal settlement of the insane person, and notice thereof by him to the plaintiff. There was no such finding or notice.

The present action was begun in December, 1908, and, by amendments to petition the claim was brought down to include the entire claim to the death of the patient. In 1910 plaintiff brought an action of mandamus against the then auditor of Woodbury county in an attempt, seemingly, to compel the auditor to comply with section 2270 of the Code Supplement, and to compel him to inquire and ascertain whether Mrs. Carsten had a legal settlement in Woodbury county at the time of her commitment, but did not ask the court to determine the fact as to her legal settlement. The defendant demurred on eight grounds, and the demurrer was sustained. We are not advised upon what ground the demurrer was sustained; possibly it was on the ground that mandamus would not lie, and that defendant owed plaintiff no duty to make such inquiry. Nor are we advised as to what, if anything, that action has to do with the present one. As before stated, plaintiff was not required to apply to the district court until defendant had done things required of it by the statute. We should not interfere with the court's finding on disputed questions of fact. What we have said disposes of the second, third, fifth, sixth, and seventh assignments of error.

II. The first and fourth assignments are that the court erred in allowing all of plaintiff's claim, for the reason that part of the same is barred by the general statute of limitations, and that therefore the finding and judgment is excessive. The charges were those made by the asylum and paid quarterly by plaintiff from the time of the commitment, until the death of the patient. It was a continuous, open, current account within the meaning of the statute. *Cedar County v. Sager*, 90 Iowa, 11.

2. SAME: continuous account.

All errors assigned have been considered. The judgment of the district court was right, and it is *Affirmed*.

LADD, C. J., and EVANS and WEAVER, JJ., concurring.