SCOTT COUNTY, Appellee, v. FRANK C. TOWNSLEY, Appellant.

**PAUPERS:** Insane Person—Legal Settlement of Insane Wife—Re-
1 moval of Husband—Effect. The residence of any person found insane, who is an inmate of any state institution, remains, during the period of restraint, the same as that existing at the time of admission to such institution, irrespective of subsequent change of residence of the husband. (Sec. 2270, Code, 1897.)

**PAUPERS:** Insane Wife—Liability of Husband—Change of Resi-
2 dence—Effect. The hospital charges paid by a county for the support of an insane wife committed to the Hospital for the Insane from the county of the residence of the husband and wife remain a legal charge against the husband, even though the husband, subsequent to the commitment, becomes a resident of another county of this state or a nonresident of the state.

**LIMITATION OF ACTIONS:** Open Account—Hospital Charges for
3 Insane. The hospital charges paid quarterly by a county for the support of an insane wife, as provided by Sec. 2292, Code Sup., 1913, for which the husband is liable under Sec. 2297, Code, 1897, constitute a continuous, open, current account against the husband, and an action to recover thereon is barred only after the lapse of 5 years from the date of the last item of all the series of charges.

*Appeal from Washington District Court.—K. E. WILLCOCK-SON, Judge.*

TUESDAY, FEBRUARY 15, 1916.

ACTION to recover payment made by the plaintiff for the board of defendant's wife at the Hospital for the Insane at Mt. Pleasant resulted in the judgment substantially as prayed. The defendant appeals.—*Affirmed.*

*Marsh W. Bailey,* for appellant.

*Waldo Becker* and *Morrison & Morrison,* for appellee.

LADD, J.—The defendant was married to Emma J. Powers November 3, 1885, and, on information filed by him July 23, 1895, she was committed on the following day to the Hospital for the Insane at Mt. Pleasant, for treatment, and has remained there since. His residence was then in Scott County, and had been for more than two years preceding. That county paid the state the hospital charges quarterly from July 1, 1895, to January 1, 1913, inclusive, amounting to $2,610.46. Recovery therefor is sought in this action. The defendant set up the defenses that all payments after February 1, 1899, were voluntary, and that all made more than five years previous to the beginning of the action were barred by the statute of limitations. The contention that the payments were voluntary is based on the allegation that he changed his residence, February 1, 1899, from Scott County to Washington County, where he remained until May, 1905; that he then moved from the state and did not return until April, 1909, when he again became a resident of Washington County until March, 1911, and then left the state.

1. PAUPERS: insane person: legal settlement of insane wife: removal of husband: effect.

The evidence leaves no doubt that he moved from Scott County, as alleged, and made his home in Washington County,

for some years thereafter. He is a telegrapher, and appears to have been employed for short periods in six or seven places in four different states, prior to May, 1905, and to have wandered since from place to place, except for two or three years prior to the trial and the two years following his return to Washington County, in April, 1909. But his wife was continuously in the asylum, save when temporarily released in his care for a few days or weeks, when living in Scott County, and, even though his residence may have changed, that of his wife did not follow.

"The residence of any person found insane who is an inmate of any state institution shall be that existing at the time of admission therein." Section 2270, Code.

This clause became a part of that statute while defendant was a resident of Scott County, but, regardless thereof, such was the law. *Polk County v. Clarke County*, 171 Iowa 558, where the conclusion reached is that "the legal settlement of an insane wife committed to the insane hospital from the proper county remains unchanged by any act on the husband's part, so long as the restraint of the wife under such commitment continues".

The different changes of defendant's residence, then, did not transfer the place of the wife's settlement from the one county to the other, or to another state. It continued in Scott County and, under Section 2297 of the Code, hospital charges paid by the county may be recovered from any person legally bound for her support. This includes the husband. *Wapello County v. Eikelberg*, 140 Iowa 736.

2. PAUPERS: insane wife: liability of husband: change of residence: effect.

His obligation to support his wife was in no manner released by his being a nonresident, and the plea of the bar of the statute of limitations is disposed of by *Cedar County v. Sager*, 90 Iowa 11.

The item paid by the county constituted an open running account, whereas in *Harrison County v. Dunn*, 84 Iowa 328,

more than five years had elapsed after the last item when suit

<div style="margin-left: 2em">

**3. LIMITATION OF ACTIONS: open account; hospital charge for insane.**
</div>

was begun.  There is a misprint in that case of the date of discharge.  It was in 1878, instead of 1888, as printed.  We discover no error, and the judgment is—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.