G. A. WERTZ, Appellee, v. R. T. RYAN, Appellant.

**LIMITATION OF ACTIONS:** Open Current Account (?) or Independent Transactions (?) A petition alleging the furnishing by plaintiff, through a period of some six years, of labor and materials for *various* buildings owned by defendant, with a detailed statement of the various items of debit and credit, states a cause of action upon a continuous, open, current account, and not upon a series of completed independent contracts, even though there was a hiatus in the account of almost two years.

**LIMITATION OF ACTIONS:** Hiatus in Current Account. A hiatus of some two years in an account does not necessarily destroy the latter's quality of being continuous, open, and current.

*Appeal from Poweshiek District Court.*—H. F. WAGNER, Judge.

NOVEMBER 15, 1921.

ACTION upon an account for materials furnished and for work and labor performed by plaintiff for the defendant upon

several buildings owned by defendant. Judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Talbott & Talbott,* for appellant.

*U. M. Reed,* for appellee.

STEVENS, J.—Plaintiff alleged in his petition, which is in one count, that, during the years from July 1, 1913, to May 5, 1919, he furnished certain materials and performed work and labor for defendant upon various residences and other buildings owned by him; that the aggregate value of the materials furnished and labor performed was $752.92; that, during all of said period, plaintiff resided in one of defendant's residences, and became indebted to him for rent in the sum of $349.33; that, on or about August 19, 1917, he paid the defendant $50 in cash, making the total indebtedness of the plaintiff to defendant $299.33, which he alleges has been credited upon his account against the defendant, leaving a balance due of $453.59. A full, itemized statement of the account was attached to plaintiff's petition, showing the date of the first item to be July 1, 1913. The statement shows the date and amount of each item of material furnished and labor performed for and upon each building separately, together with the aggregate of the items. The statement shows debits during each year except 1915. There is a break in the account from May 13, 1914, to April 11, 1916, a period of about one year and ten months.

1. LIMITATION OF ACTIONS: open current account (?) or independent transactions (?)

The defendant first moved the court to require plaintiff to separate his cause of action into counts. This motion being overruled, he demurred to all items of the account antedating April 11, 1916, upon the ground that it appeared upon the face of the petition that they were barred by the statute of limitations. The demurrer was also overruled, and the defendant, electing to stand thereon, refused to plead further, and judgment was entered against him, as stated.

The question for decision is: Does the petition of plaintiff show upon its face a series of completed, independent contracts, or a cause of action based upon a continuous, open, current

account? Other questions are discussed by counsel; but, in view of the conclusion reached, we limit our decision to the point stated.

Section 3449 of the Code provides that:

"When there is a continuous, open, current account, the cause of action shall be deemed to have accrued on the date of the last item therein, as proved on the trial."

A "continuous, open, current account" was defined by this court in *Tucker v. Quimby*, 37 Iowa 17, as follows:

"An account, to be 'continuous,' must be without break or interruption. By the term 'open,' we mean something that is not closed, and the term 'current,' as used in the statute, signifies 'running,' 'passing,' a 'connected series.' See Webster's Unabridged Dictionary. Hence, a *'continuous, open, current account,'* is an account which is not interrupted or broken, not closed by settlement or otherwise, and is a running, connected series of transactions."

As appears from the allegations of the petition, the parties, during all of the time covered by the several transactions, owned mutual accounts: plaintiff, for materials furnished and labor

2. LIMITATION OF ACTIONS: hiatus in current account.

performed; and defendant, for rent for the residence occupied by plaintiff. Just what was contemplated or understood by the parties is not shown by the pleadings; but nothing appears therein from which the court can say that separate contracts were entered into between the parties for the material furnished and labor performed upon each of the several buildings. The mere fact that plaintiff kept a separate, itemized account thereof is, when considered with the allegations of the petition as a whole, of little controlling importance. Nor do we regard the fact that a period of approximately one year and ten months elapsed between items of the account as decisive of the question.

It is true that we held, in *Gavin v. Bischoff*, 80 Iowa 605, which involved an action upon an account for labor, that, as there was a break in the account of at least two years' duration, it could not be regarded as a continuous, open, current account. Emphasis, however, was not there placed so much upon the lapse of time as upon the further fact that separate contracts were shown. A period of one year and nine months elapsed

between entries upon the account in *Keller v. Jackson,* 58 Iowa 629, and yet we said that:

"It is true that there is something over a year and nine months between the item of March 13, 1874, and December 27, 1875; but taking those before and after, and the whole together, and considering that all of the items have relation to the same open and continuous transaction between the parties, we are inclined to think there was no such break in the account or cessation of dealing as to cause the statute of limitations to commence to run at any time before the date of the last item."

The character of materials furnished and of the labor performed was similar throughout, and the transactions are such as frequently occur between parties similarly situated. There was no interruption of the relation of the parties. It continued to be the same throughout the period; and whatever the proof might have shown as to the contract, or contracts, under which plaintiff furnished the material and rendered the services set out in his statement of the account, the petition on its face stated a good cause of action, and the demurrer was properly overruled. *Cedar County v. Sager,* 90 Iowa 11; *Kilbourn v. Anderson,* 77 Iowa 501; *Sullenbarger v. Ahrens,* 168 Iowa 288.

It follows that the judgment of the court below is—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.