H. R. RITTER, Appellee, v. FRANK SCHULTZ, Appellant.

No. 40358.

NOVEMBER 11, 1930.

*J. G. Shifflett* and *M. W. Hyland,* for appellant.

*Beyer & Manly,* for appellee.

WAGNER, J.—On October 15, 1929, the plaintiff filed his verified petition, asking for judgment upon an account, an itemized statement of which is attached to, and constitutes a part of, the  petition. To the petition the defendant interposed a demurrer, and he avers therein that the account sued upon is not a continuous, open, current account. The question is as to whether or not plaintiff's account is a continuous, open, current account, within the meaning of Section 11011 of the Code, 1927; for, according to said section, if it be such an account, the cause of action founded thereon shall be deemed to have accrued on the date of the last item therein. The last item of the account is a credit item of $122, on October 15, 1924. Causes of action founded upon account are barred, unless action be brought within five years after the accrual of the action. See Par. 5, Section 11007, of the Code, 1927. And in the computation of this five-year period, the first day shall be excluded, and the last included. See Par. 23, Section 63, Code, 1927. The debit items of the account begin March 16, 1920, and end April 28, 1921. The credit items begin July 24, 1920, when there was a credit of $7.00, by return of merchandise, and the next credit item is the payment by cash of $100 on July 21, 1923, and the next and final payment for which credit is given is $122, made on October 15, 1924. As to a continuous, open, current account, the Statute of Limitations commences to run from the date of the last item of the account, whether such item be upon the debit or the credit side. See *Mills & Co. v. Davies,* 42 Iowa 91; *Thorn & Stein v. Moore,* 21 Iowa 285; *Keller v. Jackson,* 58 Iowa 629. The lapse of time intervening between the items of the account, as aforesaid, does not constitute such a break in the account or cessation of dealing between the parties as to cause the Statute of Limitations to commence to run at any time before the date of the last payment, to wit, October 15, 1924. *Wertz v. Ryan,* 192 Iowa 517; *Tucker v. Quimby,* 37 Iowa 17; *Keller v. Jackson,* 58 Iowa 629.

The appellant also avers in his demurrer that plaintiff's

cause of action is barred by the Statute of Limitations because the action was not commenced until more than five years after the date of the last item of the account sued upon, and he urges in argument that the original notice in said cause was placed in the hands of one Manson, for service on October 15, 1929, but was not actually served until the 22d day of October, 1929. He relies upon Section 11012 of the Code, 1927, and argues that Manson is not the sheriff of Poweshiek County, and that the placing of the original notice in the hands of anyone other than the sheriff for service is not sufficient to constitute a commencement of the action so as to prevent the running of the statute, and that, therefore, the court was in error in overruling his demurrer. It is apparent that the appellant has misconceived the office of a demurrer. The matters urged at this point do not appear upon the face of the petition. A demurrer can apply only as to matters alleged in and appearing upon the face of the petition; it concedes that the averments of fact well pleaded in the petition are true; nothing else is considered by the court in the determination of a demurrer to the petition, other than the averments of the petition and the demurrer. It is provided by Section 11141, Code of 1927, that, in actions triable at law, any party may demur to any pleading filed by any adverse party. *when the pleading attacked shows that the cause of action or defense is barred by the Statute of Limitations.* It is provided by Section 11149 of the Code of 1927 that, when any ground of demurrer does not appear on the face of the petition, *the issue may be raised by answer.* To render a petition demurrable on the ground that the cause of action therein stated is barred by the Statute of Limitations, it must affirmatively appear from the averments of the petition that the cause is so barred. See *Moulton v. Walsh,* 30 Iowa 361; *Shearer v. Mills,* 35 Iowa 499; *Moore v. State Ins. Co.,* 72 Iowa 414; Section 11141, Code, 1927. When the facts constituting the bar of the Statute of Limitations do not appear upon the face of the petition, then, if the defendant desires to raise the question, he must do so by answer. Section 11149, Code, 1927; *Goring v. Fitzgerald,* 105 Iowa 507; *Central Tr. Co. v. Chicago, R. I. & P. R. Co.,* 156 Iowa 104; *Collins v. Bane,* 34 Iowa 385.

It is quite clear that the court was not in error in overruling

the demurrer, and the judgment of the trial court is hereby affirmed.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.