HARLEY MILLER, doing business as the Miller Funeral Home, Appellant, v. JENNIE BOYCE, Appellee.

No. 42851.

FEBRUARY 5, 1935.

 

Stull, Lucier & Elmquist, for appellant.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellee.

DONEGAN, J.—The material parts of the petition filed by plaintiff in this case are as follows:

"That on the days and dates as shown by Exhibit 'A' hereto attached and by this reference made a part hereof the plaintiff furnished goods, wares and merchandise and services to the defendant at her own special order, instance, and request.

"That the charges for the merchandise furnished and the services rendered are just and reasonable, and that there is no credit due the defendant except as shown by Exhibit 'A'.

"That by reason of the above and foregoing the defendant is indebted to the plaintiff in the sum of One Hundred Thirty-two Dollars ($132.00), no part of which has been paid.

"That the plaintiff is the owner of the account sued on herein, and that the defendant refuses and neglects to pay the same, even though the plaintiff has demanded payment on numerous occasions.
* * *
"Exhibit 'A'.
"Mrs. Jennie Boyce, To care of deceased husband,.
"Osceola, Iowa.
"In Account with Miller Funeral Home
"214 South Main Street Osceola, Ia.

"A liberal .discount if paid in 30 days from date of contract. 6 per cent interest charged on all accounts overdue.

| | | |
|---|---|---:|
| May 6, 1928 | First call to home, care and embalming deceased | $ 25.00 |
| | Casket, Mrs. Boyce selection | 90.00 |
| May 8, | Limo hearse for funeral | 15.00 |
| | 7 pas. pallbearer car | 5.00 |
| | Use of grave equipment | 5.00 |
| | Entire service handling details | 50.00 |
| | | $190.00 |

| | | | |
|---|---|---|---:|
| July 19, 1928 | Rec'd | check | $25.00 |
| Feb. 23, 1930 | " | " | 20.00 |
| Nov. 6, 1930 | " | " | 8.00 |
| Feb. 20, 1931 | " | cash | 5.00 |
| | | | $58.00 |

Balance $132.00

May 8, 1928 Funeral services held from Groveland Church with interment in Green Bay Cemetery."

To this petition the defendant filed a demurrer on the ground that, "the petition shows that the cause of action accrued more than five years prior to the commencement of this suit."

The trial court sustained the demurrer, and, the plaintiff having elected to stand upon his petition, judgment was entered dismissing the petition and in favor of the defendant for costs. From such judgment and rulings of the court the plaintiff appeals.

It will be noted that the only ground of the demurrer is that the petition shows that the cause of action accrued more than five years prior to the commencement of the suit. It will also be noted that Exhibit "A", attached to the petition and made a part thereof, shows only two dates upon which debit items were entered, to wit, May 6 and May 8, 1928. The petition in this case was filed September 13, 1934. If the cause of action accrued upon the date of the last debit item, it is quite apparent that it is barred by the statute of limitations. It is claimed by the appellant, however, that the petition and Exhibit "A", which is a part thereof, show on their face that the suit is based upon a continuous, open, current account,

and that the cause of action did not accrue until the date of the last item of said account, to wit, February 20, 1931.

Section 11011 of the Code, 1931, provides as follows:

"When there is a continuous, open, current account, the cause of action shall be deemed to have accrued on the date of the last item therein, as proved on the trial."

The question with which we are here confronted is, therefore, does the petition, including Exhibit "A", show on its face that the cause of action alleged therein accrued more than five years prior to the commencement of the suit? In other words, does the petition show on its face that it is not a continuous, open, current account? Appellant contends that the petition, of which Exhibit "A" is a part, sufficiently alleges an account which complies with all the requirements of a continuous, open, current account. Appellee, on the other hand, contends that the petition, of which Exhibit "A" is a part, shows on its face that the cause of action is based upon a single transaction, and that, this being true, the fact that Exhibit "A" shows different items of debits and credits does not make it a continuous, open, current account, within the meaning of the statute.

Appellee relies upon Tucker v. Quimby, 37 Iowa 17, wherein we said:

"An account to be 'continuous', must be without break or interruption. By the term 'open', we mean something that is not closed, and the term 'current', as used in the statute, signifies 'running', 'passing', a 'connected series'. See Webster's Unabridged Dictionary. Hence, a 'continuous, open, current account', is an account which is not interrupted or broken, not closed by settlement or otherwise, and is a running, connected series of transactions."

Appellant, on the other hand, relies upon the definition of open account contained in Bouvier's Law Dictionary, which says that,

"An open account is one in which some term of the contract is not settled between parties, whether the account consists of one item or many."

Appellant also relies upon Ritter v. Schultz, 211 Iowa 106, 232 N. W. 830. The latter case, however, does not throw much

light on the precise question here involved, because the point there discussed was the lapse of time intervening between the items of the account, and, in this case, the question seems to be narrowed down to whether there ever was a continuous, open, current account. The last item of debit appears on May 8, 1928; the first credit item is July 19, 1928. The other credit items are on February 23, 1930, November 6, 1930, and February 20, 1931. If the account was a continuous, open, current account, on the date of the first credit item, July 19, 1928, we do not think the lapse of time between that item and the next succeeding credit item, on February 23, 1930, was such as to cause the statute to commence to run before the date of the latter item; and, if this be true, the action would not be barred because of the lapse of time between any of its items.

Appellee contends that there never was a continuous, open, current account, because the petition and Exhibit "A" show that there was but one single transaction which cannot be brought under the definition of such an account adopted by this court in Tucker v. Quimby, supra. In our opinion, it cannot be said that the petition, of which Exhibit "A" is a part, shows on its face that there was but one single transaction. It is true that it may be gathered from the petition and Exhibit "A" that the goods and merchandise furnished and the services performed were all in connection with the burial of the appellee's deceased husband. We do not think, however, that there is sufficient on the face of the petition and Exhibit "A" to show that the goods and merchandise furnished and the services performed were furnished and performed pursuant to a single contract or order and for a stipulated amount. Exhibit "A" contains two separate items of debit of dates May 6 and May 8, 1928, and four separate items of credit dated July 19, 1928, February 23, 1930, November 6, 1930, and February 20, 1931. So far as the statements of the petition and Exhibit "A" show, each of these items may have been furnished at different times during these two days upon separate orders or requests of the appellee and without any reference to the charge to be made for the separate items or the total charge to be made for all of them. The fact that the debit items extend over a period of only two days, and all have reference to the burial of the appellee's deceased husband, does not show a single transaction such as to negative a continuous, open, current account, within the meaning of the statute. We think

it could hardly be said that the account of a doctor for an operation, which included charges for services and expenses both prior to and subsequent to the operation, could not be a continuous, open, current account, within the meaning of the statute, simply because all the items of the account were connected with and had reference to the operation. The fact that such account contained items extending over weeks or even months, instead of over two days, is not the distinguishing element between a continuous, open, current account and a single transaction. Whether the evidence, when introduced upon the trial of the case, will show a different situation, we cannot now consider or determine. We are here dealing only with the demurrer directed to the petition, and, in the view we take of the matter, the trial court erred in sustaining this demurrer.

The judgment and ruling of the trial court on the demurrer are, therefore, reversed.—Reversed.

ANDERSON, C. J., and ALBERT, KINTZINGER, PARSONS, HAMILTON, and RICHARDS, JJ., concur.