(No. 5334. March 24, 1930.)

CALDWELL STATE BANK, a Corporation, Respondent, v. FIRST NATIONAL BANK OF FILER, a Corporation, Appellant.

[286 Pac. 360.]

Chas. A. North, for Appellant.

Bothwell & Chapman, for Respondent.

McNAUGHTON, J.—In October, 1924, a judgment was entered in Owyhee county against the sheriff and the Farmers & Merchants' Bank of Filer for $567.85, besides $27 costs. This action is to collect on that judgment.

In March, 1925, the Farmers & Merchants' Bank, having suffered heavy losses and being in an impaired condition, entered into a contract with the First National Bank of Filer, transferring all of its assets.

In the caption to the contract this general statement is set forth:

"WHEREAS, the books of the said Farmers and Merchants Bank of Filer, Idaho, on Saturday, March 28th, 1925, at the close of business on said day disclosed that the assets and liabilities of said bank were as follows:

### ASSETS.

| | |
|---|---|
| Loans and Discounts | $121,359.28 |
| Bank Building | 3,500.00 |
| Other Real Estate | 15,775.20 |
| Claims and Judgments | 2,003.97 |
| Cash & Exchange | ·3,657.84 |
| Furniture & Fixtures | 4,000.00 |
| Overdrafts | 267.48 |
| Stock in Federal Reserve Bank | 900.00 |
| Total Assets | $151,464.07" |

(We note an error in addition of the foregoing assets but this is a slight error not controlling here.)

### LIABILITIES.

| | |
|---|---|
| "Capital Stock | 25,000.00 |
| Surplus and Undivided Profits | 1,186.77 |
| Deposits | 84,210.30 |
| Rediscounts With Federal Reserve Bank. | 25,627.00 |
| Other Rediscounts | 7,940.00 |
| Bills Payable | 7,500.00 |
| Total Liabilities | $151,464.07" |

It then provides, in consideration of one dollar by each paid to the other:

"That the said Farmers and Merchants Bank of Filer, Idaho, does hereby, sell, assign, transfer, set over and deliver unto the First National Bank of Filer, Idaho, all of those assets as follows:

| | |
|---|---|
| Loans and Discounts | $120,451.98 |
| Cash and Exchange | 3,657.84 |
| Overdrafts | 267.48 |
| Stock in Federal Reserve Bank | 900.00 |

"It is further agreed that the remainder of the assets of the said Farmers and Merchants Bank of Filer, Idaho, of whatever nature shall be by the said Farmers and Merchants Bank of Filer, Idaho, transferred, assigned and set over unto Guy H. Shearer, Trustee, to be by him held in trust for the purposes of protecting the said First National Bank of Filer, Idaho, from any loss that may result to it in case the said First National Bank of Filer, Idaho, is unable to realize sufficient funds out of the assets so taken over to discharge the liabilities assumed by the said First National Bank as hereinafter set out.

"The said First National Bank of Filer, Idaho, does hereby assume and obligate itself to pay the following liabilities of the said Farmers and Merchants Bank of Filer, Idaho:

| | |
|---|---|
| Deposits | 84,210.30 |
| Rediscounts of Federal Reserve Bank | 25,627.10 |
| Other Rediscounts | 7,940.00 |
| Bills Payable | 7,500.00 |

"And it is specifically understood and agreed by and between the parties hereto that the said First National Bank does not assume any liability on the Capital Stock and Surplus and Undivided Profits of said Farmers and Merchants Bank of Filer, Idaho.''

The contract further provided a guaranty contract or bond in the sum of $25,000, obligating the makers to save the First National Bank harmless from any loss that might

result to it by taking over the assets and assuming liabilities of the Farmers & Merchants' Bank.

This contract also provides:

"It is understood and agreed that at such time as the said First National Bank shall have realized sufficient money to pay the liabilities of the Farmers and Merchants Bank assumed by it whether from the assets hereby taken over or by recovery from the said guarantors it shall then surrender to the said Guy H. Shearer, trustee for the benefit of the said guarantors and the stockholders of the said Farmers and Merchants Bank all other assets of the Farmers and Merchants Bank remaining in its hands."

This action against the First National Bank of Filer was begun by plaintiff Caldwell State Bank as assignee of the judgment referred to against the Farmers & Merchants' Bank. The action is upon contract and on two counts. The first count is upon allegations that defendant by the terms of this agreement assumed this liability, and the other upon allegations that by virtue of the contract there was a merger or consolidation of the contracting banks, and the National Bank became liable under C. S., secs. 5288 and 5289.

In the fifth finding the trial court found that by the contract the defendant assumed this judgment liability.

In the seventh finding the trial court found a merger and consolidation by the contracting banks and liability under C. S., secs. 5288 and 5289.

Judgment was for plaintiff.

This appeal is from that judgment and is predicated upon two assignments of error challenging the sufficiency of the evidence to sustain either of the foregoing findings of fact.

The case turns upon a proper construction of the contract in question.

The contract is a long one, consisting of eight and one-half typewritten pages. Schedule A, attached to the contract, contains a descriptive list of all the notes assigned. There is no descriptive list of the liabilities. The president

of the National Bank testified, however, that he had examined the books of the Farmers & Merchants' Bank just prior to closing the contract and that this judgment was not listed among the bank's liabilities and that he knew nothing of it. It also appears the Commissioner of Finance took part in the negotiations and consented to the arrangement set forth by this contract.

Appellants claim that by virtue of this contract the National Bank purchased certain of the assets of the Farmers & Merchants' Bank and assumed the payment only of certain of its liabilities, and that this judgment was not included. They cite many authorities to the effect that the arrangement does not include all the elements necessary to constitute what is termed a merger or consolidation.

■ By this contract it clearly appears that the purpose and result contemplated was for the National Bank to take over the customers and business of the Farmers & Merchants' Bank, the assumption by the National Bank of the liabilities of the Farmers & Merchants' Bank; for the National Bank's protection, a transfer direct to it of part of the Farmers & Merchants' Bank's assets and a transfer of all the remaining assets in trust for the full protection of the National Bank. After all liabilities were paid any property remaining in the hands of the trustee was to be conveyed back for the benefit of the stockholders of the Farmers & Merchants' Bank.

Technically this might not be termed either a consolidation or a merger, but manifestly it was not an unconditional sale for value of part of the assets of the Farmers & Merchants' Bank in consideration of the National Bank assuming part of the liabilities of the other bank.

■ The substantial intent of the parties governs in interpreting contracts and this is to be determined in view of the agreement as a whole, the matters with which it deals and the circumstances under which it was made. (*Manson v. Curtis,* 223 N. Y. 313, Ann. Cas. 1918E, 247, 119 N. E. 559; *Schurger v. Moorman,* 20 Ida. 97, Ann. Cas. 1912D, 1114, 117 Pac. 122, 36 L. R. A., 313.)

It is quite apparent that by virtue of this contract all of the property of the Farmers & Merchants' Bank was transferred pursuant to a plan to pay all that bank's liabilities other than liability on the capital stock and surplus and undivided profits.

A contract between banks whereby one transfers all of its property in consideration of the other, paying part only of its outside liabilities, would clearly be against the policy of our banking laws and not entitled to the sanction of the Department of Finance. (C. S., chap. 205.) Any reasoning that this judgment was purposely omitted from the books of the bank and the benefits of this contract necessarily imputes fraud as to this creditor and deceit upon the Department of Finance. Courts will not favor such a construction. (*Manson v. Curtis, supra; Border Nat. Bank v. American Nat. Bank,* (Tex.) 282 Fed. 73; *Reigel v. Planters' State Bank,* 100 Okl. 42, 227 Pac. 105; 2 Williston on Contracts, sec. 620.)

We think the contract was meant to be fair and lawful and contemplated the payment of all outstanding claims against the Farmers & Merchants' Bank, excepting only those on account of its capital stock and surplus, and therefore sustains the trial court's fifth finding of fact. As this requires an affirmance of the judgment it is not necessary to consider the assignment against the seventh finding.

The judgment is affirmed, with costs to respondent.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.